JAMES R. WOODY *v.* HENRY T. JORDAN and others.

A plaintiff having an action pending, cannot maintain a second action against the same defendant for the same cause. Such pending action should be pleaded in abatement.

But a judgment in an action brought to recover certain property specifically is no bar to a subsequent action between the same parties seeking to recover damages for the taking and conversion of such property.

A defendant is not bound to assert a set off or counterclaims in an action brought against him whenever he may do so; nor does the plaintiff's recovery bar a subsequent action for such counterclaim, which the defendant might have, but did not plead in the original action.

Irregular process, after it has been set aside, is no justification to the plaintiff in the action, or his attorneys and aiders.

*Eborn* v. *Waldo,* 5 Jones 438; *Pannell* v. *Hampton,* 10 Ired. 463; *Skinner* v. *Moore,* 2 Dev. & Bat. 138, cited and approved.

CIVIL ACTION, tried at the Fall Term, 1872, of the Superior Court of PERSON county, before his Honor, *Tourgee, J.*

On the 2d October, 1869, at the instance of the plaintiff, a summons issued to the defendants, commanding them to appear, &c. In his complaint the plaintiff alleged that the defendants had theretofore brought an action against him for the possession of certain property, and at their instance the sheriff of Person county had seized the same and delivered it to C. H. Williams, one of the defendants; that the defendants entered into bond in the sum of $1,600 for the prosecution of the suit and the payment of costs and damages; that the suit was dismissed for want of jurisdiction by the clerk of Person Court, and that in consequence of

said suit he has been endamaged to the extent of $800, for which he demands judgment.

In an amended complaint afterwards filed, the plaintiff charges defendants with seizing certain property, describing it, amounting in the aggregate to $1,485; that the property was seized by the sheriff at the request of the defendant, Jordan, aided and abetted by the other defendants; demanding judgment for $1,485 for the seizing and converting said property and the further sum of $1,000 damages for its detention.

The defendants deny the allegations of the complaint, and for further defense say, that the plaintiff heretofore obtained a judgment in the Superior Court of Person against them, for the return of the property mentioned in his complaint, and now has full and complete remedy by virtue of, and by motion in said action.

It appeared that the plaintiff was in possession of the property in May, 1869, when the sheriff seized the same and delivered it as above set forth to the defendant, Williams, the other defendants being present. To connect the defendant, Brooks, with the seizure, &c., the plaintiff offered in evidence an undertaking, purporting to be signed by Brooks, with the other defendants, as sureties for one M. A. Harris, in an action for the claim and delivery of personal property against the plaintiff in this action, being the property mentioned by plaintiff in his complaint filed in this action. This evidence was objected to, and ruled out by his Honor. Plaintiff excepted. Plaintiff then offered to ask the defendant, Jordan, if he did not sign the undertaking above mentioned. Objected to, ruled out, and the plaintiff again excepted.

The defendants afterwards offered in evidence the record of a suit wherein M. A. Harris was plaintiff, and James R. Woody, the plaintiff in this action, was defendant. With this record, was the undertaking offered by plaintiff as

above set out, and which was now read. Further, the defendants to justify seizure of the property, offered the record of a judgment of the United States Circuit Court for this District, rendered at November Term, 1868, in favor of the said M. A. Harris and against the plaintiff, and a sale of the property in controversy in this suit by the United States Marshal, on the 26th of May, 1869, and the purchase of the same by defendant, Jordan, for his client, Harris, the then plaintiff. It further appeared, that after that sale, Jordan permitted the property to remain in the possession of Woody. It was also in evidence, that on the morning of the sale day, 26th of May, 1869, Jordan, as attorney of Harris, was served with a notice of a motion to set Harris' judgment aside. The property was demanded by Jordan, from Woody, the plaintiff here, who refused to deliver it, whereupon Harris, on the day of ——, 1869, sued out a summons, returnable within 20 days before the Clerk, against Woody, and having filed the affidavit prescribed by the Code of Civil Procedure, the Clerk issued an order directing the sheriff to take the same into possession, and upon Harris' filing the proper undertaking to deliver the property to him. That upon the return of this summons both parties appeared by their attorneys before the Clerk, and after the pleadings were filed, the defendant, (the plaintiff here,) moved to dismiss the proceedings, which was done, and the plaintiff, Harris, appealed. At the regular term of the Court, the plaintiff, Harris, asked leave to amend, the necessary notice of the motion having been given to the defendant. Motion to amend was granted. At the Term, 187—, thereafter, the action was dismissed, and judgment for costs in favor of Woody against Harris rendered, as also a judgment that he should return the property delivered to him by the sheriff. The introduction of this record was objected to: 1. That the undertaking required by law had not been complied with; and 2d. The judgment was void, because the sum-

mons was originally returned before the clerk and not to Court in Term time. The objections were overruled, and the plaintiff again excepted.

The plaintiff in reply introduced the record of the U. S. Circuit Court, at June Term, 1870, showing that the judgment in favor of Harris was set aside and the execution issued thereon, vacated. His Honor intimated to the plaintiff that the judgment in the action of Harris against him was a bar to his right of recovering in this action, whereupon the plaintiff submitted to a verdict and appealed.

*W. A. Graham*, for appellant:

1. The sale by the Marshal was simply void, the judgment and the execution being set aside and annulled, the title remaining in the plaintiff.

2. The defendants who encouraged the taking of the goods by the sheriff are liable to the plaintiff as if they had acted without process. *Burgin* v. *Burgin*, 1 Ired. 453.

3. The judgment rendered against the present defendants and Harris, upon the dismission of his action for want of jurisdiction, ordering the return of the goods, is no bar to the recovery sought in this action, because: 1st. The undertaking given on suing out the process of claim and delivery was not taken according to the statute. C. C. P., sec. 179. It does not bind the obligors for the return of the property, if a return thereof be adjudged; nor for the payment to him of such sum, as for any cause may be recovered against the plaintiff. It is therefore, simply a common law bond and does not authorize the judgment actually taken, and this judgment and the writ for the return of the property are now only to be noticed in mitigation of the damages to be rendered in the present action. 2d. Because it was rendered, not in the same cause of action as the present, nor any cause of action at all, it being a dismission of the suit

for want of sufficient surety in the delivery bond, and was for the return of the goods. While this seeks to recover damages for the taking and conversion of the goods and their loss to the plaintiff, it is competent for the defendant to show, in reduction of the recovery, that the articles in part or whole, have been restored to the plaintiff, but this is no bar to the action.

The test of the plea of recovery by former judgment is, was the recovery for the same cause of action, and were the merits passed upon ? 7 Bac. Ab. 635, 6, 7, 8, 9 ; *Benton* v. *Duffey,* Con. Rep.; *Carter* v. *Wilson,* 2 Dev. & Bat. 276 ; *Bond* v. *McBride,* 3 Ired. 440. So, on a Justice's judgment. *Ferrell* v. *Underwood,* 2 Dev. 111 ; and in Equity. *Ray* v. *Scott,* 6 Jones Eq. 283.

*Batchelor, Edwards & Batchelor,* contra, submitted :

1. If the plaintiff can have same remedy in pending action, he cannot sustain this action. *Rogers* v. *Holt; Mason* v. *Miles,* 63 N. C. Rep. 564 ; *Council* v. *Rivers,* 65 Ibid. 54 ; *Harris* v. *Johnson,* Ibid. 479.

2. The same relief could have been obtained by the plaintiff in this action, in the action of *Harris* v. *Woody,* which was pending when this was brought. C. C. P., 251 ; *Johnson* v. *Sedbury,* 65 N. C. Rep. 6 ; and that action is still pending, *Ibid. Ballard* v. *Johnson,* 65 N. C. Rep. 436.

3. The judgment in *Harris* v. *Woody* was substantially a judgment of the Court in favor of the plaintiff in this action ; and if it was not such a judgment as the law directs that action is still pending, and he may still have it brought forward on motion and have the former judgment set aside and a proper judgment now rendered. If he has lost his right to a judgment in that action it is no fault of our clients, and the plaintiff is not entitled to remedy it here. *Dunn* v. ———, 3 Dev. & Bat. 52.

13

4. Plaintiff cannot maintain this action, because : 1st. The same issues both of law and fact were made in the pending action of *Harris* v. *Woody.*   2d. Plaintiff was bailee of defendant, Jordan, when this action was brought, and had not terminated the bailment by redelivery of the property to his bailor. 3d. The plaintiff had no title which would sustain this action; and 4th. The bare possession without evidence of title will not sustain this action (in the nature of Trover,) against the bailor.

5. The defendants got a good title by the purchase under the execution from the United States Circuit Court. The judgment was regular and could not be set aside. *Murphy* v. *Merritt*, 63 N. C. Rep. 502 ; *Jennings* v. *Stafford*, 1 Ired. 404 ; *Oxley* v. *Mizzell*, 3 Mur. 250.

6. Woody's remedy was not for the last taking, but for the injury arising out of the action in the Federal Court and proceedings therein.

7. If on the whole case it appears that a party is entitled to a judgment, the Court will not give a new trial for matters which could not change the rights of the parties. *Reynolds* v. *Magniss*, 2 Ired. 26.

RODMAN, J.   To a proper understanding of this case, it is necessary to extract from pleadings by no means definite, the issues between the parties.

The plaintiff by his amended complaint alleges in substance, that the defendants in July, 1869, took from his possession, and converted to their own use, certain property for which he claims damages.

The defendants plead jointly, and,

1. Deny the taking and conversion.

2. The second article in the answer only denies the value of the property, and may be rejected as immaterial.

3. Admits that Barrett, sheriff of Person, seized the property under process in an action of Harris against the

plaintiff, Woody, but denies that it was done at their request, &c.

4. Denies that plaintiff has been damaged, and is immaterial.

5. That some part of the property has been turned to the plaintiff. By an amended answer, the defendants, say:

' 1. That every allegation of complaint is untrue. This is not in accordance with C. C. P., and may be disregarded.

*For a second defence.* 1. That plaintiff has a complete remedy in the action of *Harris* v. *Woody.*

2. That the property has been returned to plaintiff under the judgment in *Harris* v. *Woody.*

The two defendants, Williams and Brooks, by leave, filed separate answers in substance, denying the taking and conversion.

Under the opinion of his Honor that "the judgment against the defendants in the action of *Harris* v. *Woody* was a bar to the plaintiff's right to recover in this action," the plaintiff submitted to a verdict against him and appealed.

In what particular way, or for what particular reason, the judgment in *Harris* v. *Woody* barred the present plaintiff, we are not told either in the pleadings, or by his Honor, or in the argument of the counsel. It may be supposed that it was considered to do so in one of two ways, as being an adjudication of the same matter now in controversy between the same parties, or that the action of Harris was still pending and that it was open to Woody to obtain in that action the relief which he seeks in this.

To examine either of these views, it is necessary to look at the record of the case of *Harris* v. *Woody.*

It was an action to recover from Woody the property, the taking and conversion of which is the ground of complaint in this suit. The summons was issued the 5th of July, 1869, and was made returnable before the clerk in twenty days after service as required by C. C. P., secs. 73, 74.

Harris made the affidavit required by sec. 176, whereupon the clerk issued to the sheriff process, under which the property was taken by him and delivered to Jordan as the agent of Harris.

All the present defendants were sureties to the undertaking given by Harris under sec. 176. But the undertaking does not appear to be in the form prescribed.

The defendants answered, and afterwards the Judge dismissed the action for want of jurisdiction. At the next Term, Fall, 1869, on motion of Harris, the judgment of dismissal was set aside, and the case redocketed. At that or some subsequent term of the Court, it was ordered that Harris should give further security for the prosecution, or justify within thirty days, or on his failure, the action should be dismissed, and Woody have judgment against Harris and his sureties for a return of the property and for costs. Harris failed to comply with the order, and on the 6th of December, 1870, the clerk entered judgment according to the order, and issued an order to the sheriff commanding him to return the property, and a part of it was returned on the 8th of April, 1871. There was no inquiry as to the value of the property, nor for the damages of detention.

As to the first view, a mere inspection of this record is sufficient to show that as a matter of fact, the judgment did not decide upon the present cause of action. In this action, the thing claimed is damages for the taking and conversion of the property, whereas in that, the judgment was only for the taking and detention.

As to the second view that Woody can still obtain in the action of *Harris* v. *Woody*, the relief which he seeks in this.

As to the general principles bearing more or less directly on the question, there can be but little doubt.

No plaintiff who has an action pending can maintain a second action against the same defendant for the same cause;

the pending of such first action may be pleaded in abatement of the second, but not generally in bar.

Bac. Abr. Abatement. A defendant in replevin is an actor, and may obtain in that action damages for the taking and detention. *Eborn* v. *Waldo*, 5 Jones, 438. So that it must be conceded that Woody could at one time have recovered against Harris, and *perhaps* against his sureties, (though that is doubtful,) substaintially the same damages he claims in this action. But was he obliged to do so, and could he have done so at the time when the plea we are considering was pleaded ?

It is not a general rule that a defendant is *obliged* to assert a set off or counter-claim in an action against him whenever he *may* do so. If he does plead a counter-claim, he cannot during the pendency of that action have a separate action upon it, and he is bound by any adjudication on it. But he is not bond by the plaintiff's recovery as to any set off or counter-claim which he did not plead. And in the action of replevin, he is at liberty to have his damages found or not, and whether they are found or not, he can maintain his common law action in the replevin bond. At least this is the practice in England, and there is no reason why it should be otherwise here. *Perrean* v. *Bevan*, 5 B. & C., 284, (5 E. C. L. R., 230.)

Ordinarily, a suit upon the replevin bond (or undertaking) would be the only remedy to a defendant for the *taking* under the process, because the process, if regular, would be a justification for the *taking*, and no recovery could be had for it in an action of trespass.

At common law, the defendant could only have judgment for a return of the goods, and in this State, as late as 1849, he could have no other judgment in case the plaintiff became non-suit. *Pannell* v. *Hampton*, 10 Ired., 463. It must be then that the common law gave him full indemnity by means of a separate action (of what sort, I have no

where found stated, but probably on the case,) for the damages from the taking and detention. That the common law remedies have not been abolished, and the statutory ones are only cumulative, is proved by *Perrean* v. *Bevan* above cited.

We think Woody was not obliged to have his damages found in Harris' action against him, and did not by failing to do so, forfeit his right to whatever remedy he had at common law.

Neither can he now obtain redress by any proceeding in the case of Harris, for that action is dismissed, and is no longer pending for such a purpose. In *Pannell* v. *Hampton*, and in *Waldo* v. *Eborn*, it is assumed that a plaintiff in replevin may take a non-suit or dismiss his action. Whether this remains true in general we need not inquire, but it must necessarily be so where the defendant requires further security for the prosecution which the plaintiff fails to give: A judgment of non-suit or dismissal is final in that action.

We have not noticed another objection to the defence supposed, regarding it as a plea in abatement of the pendency of another action, viz: that it is not pleaded as such, and is pleaded along with pleas in bar. It is familiar learning that a plea in bar waives a plea in abatement, and this is not from any artificial or obsolete reason, but from the essential difference in the character and effect of the two species of plea. We do not think that there is anything in C. C. P., abolishing this rule. But it is not necessary to put our decision on this principle, conceiving that the reasons above given which go to the merits of the defense are sufficient.

There is a third view in which the answer setting up the proceedings in *Harris* v. *Woody* must be considered, and which was probably the one intended by defendants in the third article of their joint answer. We think the defendants intended to plead the process in that action as a justification for the taking, and we proceed to examine the answer

as such. Certainly the process was a justification to the sheriff, and if it had been regular it would also have been to the plaintiff and to those who merely aided the sheriff as to the taking. But the process was irregular. The summons was irregular, because it was not returnable in term time, as it was required to be by the Act of 1868–'69, chap. 76, which was ratified in the March preceding the summons, and went into immediate effect. It is not necessary to say that this process was void. We do not think it was. But it was irregular, and irregular process after it has been set aside, is no justification to the plaintiff in the action or to his attorneys and aiders. *Barker* v. *Braham*, 3 Wils. 368; *Skinner* v. *Moore*, 2 Dev. & Bat. 138. In this case the action was dismissed, which we consider equivalent to setting aside the irregular process.

If, however, the process had been regular, although it would have been a justification to the *taking*, it would not have been to the *conversion* alleged in the complaint. It is a well-known principle that an abuse of a power in law makes the officer and all who concur with him in the abuse trespassers *at initio*. Six Carpenter's case; 1 Smith L. C. 62, and notes.

It is true that regular and orderly pleading required the plaintiff to omit the allegation of the conversion from his complaint, and to reply it to the plea of justification. Borey's case, 1 Vent. 217, cited in notes to Six Carpenter's case. But we nowhere find it said that a complaint is bad because it leaps too soon and charges an abuse, or that the defendant is not bound to deny the abuse. Here the defendants do deny the abuse; but that raises an issue of fact with which we have not to deal. We only say that the process is no justification either of the taking or of the conversion if they be proved.

We have dealt only with the questions of law raised by the plea of defendants setting up the proceedings in *Harris*

v. *Woody.* The issues of fact remain to be tried by a jury. We have not alluded to the record of the proceedings in the Circuit Court of the United States, because that does not bear on the plea we have been considering. That can only be pertinent to the issue upon the right of property in the goods as evidence of Jordan's title. In that view he will have upon the future trial whatever benefit he may be entitled to from it. But in answer to an argument by the defendants' counsel in this Court, we may say that neither a Superior Court nor this Court has jurisdiction to declare null or to revise a judgment of the Circuit Court setting aside a former judgment of its own. The effect of that record for the purpose mentioned in a question of law, but one not before us on this appeal.

Judgment reversed and case remanded. Let this opinion be certified.

PER CURIAM.                          Judgment reversed.