WILLIAM ASHER v. CHARLES REIZENSTEIN, Administrator of
A. HAHN et al.

*Trover—Former Action—Jurisdiction.*

1. An unsatisfied judgment in an action of claim and delivery is no bar
   to a subsequent action between the same parties for damages for
   the conversion of the property in controversy.

2. Where the plaintiff, who had recovered judgment in an action of
   claim and delivery (in which he was defendant) for the return of
   the property, but the same had not been returned, thereafter
   brought suit against the plaintiff in such action for damages for
   the conversion of the property: *Held,* that he was entitled to
   recover.

3. The Superior Court has jurisdiction of an action for damages for the
   conversion of property where the amount claimed is one hundred
   and twenty five dollars.

(DAVIS, J., dissented.)

CIVIL ACTION, tried at Spring Term, 1888, of CRAVEN
Superior Court, before *Graves, J.*

This was an action to recover one hundred and twenty-
five dollars damages for the alleged conversion of a horse.
It was admitted that an action of claim and delivery had
been instituted by A. Hahn, the intestate of the defendant,
against the plaintiff in this action, for the horse in contro-
versy, before a Justice of the Peace, and that the horse was
delivered to the said Hahn, said Asher having filed no
replevin bond in said action; that Asher, the defendant in
said action obtained judgment, but no judgment was ren-
dered against Hahn, or the sureties on his bond, for the value
of the horse in case a delivery was not made.

On the trial of this action the plaintiff Asher offered to
prove that after said judgment was rendered, and before this
action was commenced, the said Hahn had disposed of the
horse to a stranger.

His Honor having intimated an opinion that, upon the admission of the judgment before the Justice of the Peace, the plaintiff could not maintain this action, the plaintiff submitted to a nonsuit, and appealed.

*Mr. W. W. Clark,* for plaintiff.
*Mr. Clement Manly,* for defendants.

MERRIMON, C. J.: It is stated in the case settled on appeal that this action was brought to recover $125 "for the conversion of a horse." It is alleged in the complaint that the horse specified therein was the property and in the possession of the plaintiff; that "the defendants unlawfully took possession of said horse and converted him to their own use"; that he was "worth the sum of one hundred and twenty-five dollars," and judgment for the same is demanded as damages.

The answer denies the material allegations of the complaint, and the defendant relies for defence upon the admitted facts that, in 1885, the present defendant brought his action in the Court of a Justice of the Peace against the present plaintiff to recover possession of the horse mentioned above, and availed himself of the provisional remedy of claim and delivery, by virtue of which the horse was delivered to the plaintiff in that action. It was adjudged therein that the horse was not the property of the plaintiff, but that of the defendant, the present plaintiff. There was no inquiry as to the value of the horse, nor judgment upon the undertaking for the return of the same in that action, &c., as prescribed and allowed by the statute (*The Code,* §§ 324, 431). No execution was issued upon such judgment.

On the trial the plaintiff offered to prove that after the judgment mentioned above, and before the commencement of this action, the defendant, "A. Hahn, had disposed of said horse to a stranger." The Court intimated the opinion that the plaintiff could not maintain this action. Thereupon, the

plaintiff suffered a judgment of nonsuit, and, having excepted, appealed.

It does not appear with certainty, as it should do, what the proceedings were in the action before the Justice of the Peace. It seems that the Court gave judgment that the horse be returned to the defendant therein, the present plaintiff, without inquiry as to its value, and gave no judgment upon the undertaking given by the plaintiff in that action as required by the statute (*The Code*, §§ 324, 431). Regularly, such inquiry should be made and judgment given in favor of the party entitled to have the property in controversy, if he should demand it, but he might decline to ask for and waive his right to have such inquiry and judgment. The statute provides, as to recovery of personal property, that "judgment for the plaintiff may be for the possession, or for the recovery of possession, or for the value thereof, in case a delivery cannot be had, and the damages for the detention. If the property has been delivered to the plaintiff, and the defendant claims a return thereof, judgment for the defendant *may be* for a return of the property, or for the value thereof, in case a return cannot be had, and damages for taking and withholding the same." In the case referred to, the defendant was content to have judgment for the return of the property. The judgment given was final, and, so far as appears, the Court could not take any further steps in the action, unless simply to grant execution; it could not re-open the case, make inquiry as to the value of the horse, and give judgment for damages, and do other things that might have been done in apt time, observing proper methods.

It seems that the Court below founded its opinion on the supposed ground that the present plaintiff could have had adequate remedy in the action before the Justice of the Peace, and, therefore, he cannot maintain this action. If he

could have had such remedy, then the conclusion would be correct. A party cannot maintain an action when he might have the same remedy in a pending action to which he is a party, if he is bound to assert his remedy there. But we are of opinion that the plaintiff was not bound to seek his remedy in the action referred to, because—first, it was ended, there was a final judgment in it; secondly, that was an action to recover *possession* of the property in which the defendant therein (the present plaintiff) could have only such remedy as allowed in such an action; thirdly, the cause of action alleged in this action is different in its nature, and the purpose of the action is different from that to recover possession of the property; and fourthly, the cause of action now alleged arose after the judgment in the former action. The cause of action alleged in this action is the *tortious conversion* of the plaintiff's horse, and he demands judgment for damages occasioned thereby.

This case is, in several respects, very like *Woody* v. *Jordan,* 69 N. C., 189, in which the Court held that a judgment in an action brought to recover certain personal property, specifically, is no bar to a subsequent action between the same parties seeking to recover damages for the taking and conversion of such property. In that case, as in this, it was contended, among other things, that the plaintiff's remedy was in the former action. The Court said that, "as to the first view, a mere inspection of this record is sufficient to show that, as a matter of fact, the judgment did not decide upon the present cause of action. In this action, the thing claimed is damages for the taking and conversion of the property, whereas in that the judgment was only for the taking and detention." The distinction thus pointed out is applicable here. Even if the present plaintiff might have pleaded a *counter-claim* in the former action as to the present cause of action, he was not bound to do so. As to it, he

might ordinarily bring his own independent action. *Woody* v. *Jordan, supra; Francis* v. *Edwards,* 77 N. C., 271; *McClenahan* v. *Cotten,* 83 N. C., 332; *Gregory* v. *Hobbs,* 93 N. C., 1; *Kramer* v. *Electric Light Co.,* 95 N. C., 277.

It was contended on the argument here that the complaint shows upon its face that the plaintiff intends *to waive the tortious conversion* and sue for the price realized by the defendant for the horse; that, in that case, the Court of a Justice of the Peace would have exclusive original jurisdiction, and, therefore, this action must be dismissed. This contention is unfounded. The complaint alleges a conversion of the property, and demands judgment for damages. It is not alleged that the defendant sold the horse and realized one hundred and twenty-five dollars for him. It is simply alleged that he is worth that sum, and, in effect, that it was the measure—the amount of damages claimed *Bullinger* v. *Marshall,* 70 N. C., 520; *Wall* v. *Williams,* 91 N. C., 477.

There is error. The judgment of *nonsuit* must be set aside and the case disposed of according to law.

Judgment reversed.