Plaintiff complains that he had shipped to him from Savannah, Ga., on 3 December, 1891, three horses, from Younglove Goodman, on the defendant's line of railroad; that the defendant, the Richmond and Danville Railroad Company, carelessly and willfully permitted the said stock to remain in an open stock car, exposed to the rain and wind and cold from Sunday evening till late in the morning of Monday, without notice to the plaintiff or his agent, and that by reason of such exposure and neglect one of the plaintiff's horses took sick and died, and that the plaintiff and consignor paid the freight on said *Page 693 
stock, amounting to $34.25, to defendant's agent at Waynesville; also the feed of the stock while in transit. It was defendant's contract to deliver said stock in good condition; and by reason of defendant failing to comply with the contract, and on account of the neglect and by failing to properly care for and shelter said stock, the plaintiff has been greatly damaged, to-wit, $190.
The defendant demurred to the jurisdiction of this court, and (1097) said that if the stock described in this action were damaged, which defendant denied, it is in the nature of a tort and did not arise under contract. His Honor, being of opinion with the defendants, sustained the demurrer and gave judgment dismissing plaintiff's action, to which judgment plaintiff excepted and appealed.
The cause of action could be sustained either for damages for breach of the contract of safe delivery or in tort for negligence. The plaintiff, having brought the action before a justice of the peace "for $190, due by contract," evidently elected to sue ex contractu. When the action can be fairly treated as based either on contract or in tort, the courts, in favor of jurisdiction, will sustain the election made by the plaintiff. Brittainv. Payne, ante, 989; Bowers v. R. R., 107 N.C. 721; Stokes v. Taylor,104 N.C. 394.
The judgment dismissing the action is
Reversed.
Cited: Sams v. Price, 119 N.C. 574; Parker v. Express Co., 132 N.C. 130;White v. Eley, 145 N.C. 36; Mitchem v. Pasour, 173 N.C. 488.
(1098)