DAVID W. MITCHEM v. C. J. PASOUR ET AL.

(Filed 9 May, 1917.)

1. Pleadings—Interpretation.

Allegations of a complaint are construed liberally in the pleader's favor with a view to substantial justice between the parties, and where the question of jurisdiction between the Superior Court and that of a justice of the peace arises, depending upon the amount involved, and whether the action is *ex contractu* or *ex delicto*, the courts are disposed to construe the complaint in favor of the jurisdiction chosen.

2. Same—Tort—Superior Court—Jurisdiction.

An action by the landlord against his tenant, alleging the tenancy, the nonpayment of rent, and a conversion of the crops raised on the land, successively joining in third parties claimed to have received the money, but as to whom the action was *nol prossed*, when brought in the Superior Court for an amount less than $200, will be regarded as an action sounding in tort, and the jurisdiction will be sustained.

CIVIL ACTION, tried before *Justice, J.,* at September Term, 1916, of GASTON.

This is an action to recover money, commenced in the Superior Court, and the question presented by the appeal is whether it is an action in tort or in contract.

The action was commenced against the defendant Pasour, and thereafter the First National Bank of Gastonia was made a party defendant.

The plaintiff alleges in the original complaint that the defendant Pasour rented a farm from him for the year 1911 and agreed to pay $200 as rent; that no part of the rent had been paid except $25; that demand had been made for the payment of the rent, which had been refused; that the defendant Pasour wrongfully and unlawfully converted and disposed of all the crops raised on the land during the year 1911; that said defendant took a part of the proceeds of the crop, wrongfully converted, amounting to $134.16, and deposited it in the First National Bank of Gastonia; that Pasour was insolvent, and in the prayer for relief the plaintiff demands judgment against Pasour and the bank for $134.16, and that the bank be restrained from paying the same to said Pasour.

After this complaint was filed a *nol. pros.* was entered as to the defendant bank, as it was made to appear that the money had been withdrawn from the bank at the time the action was commenced, and S. M. Robinson was then made a party defendant.

The plaintiff then filed another complaint alleging substantially the same facts alleged in the original complaint, with the addition that the defendant Pasour had placed said sum of $134.16 in the hands of the defendant Robinson.

Thereafter a *nol. pros.* was entered as to the defendant Robinson, and at a subsequent term of court, the action being then for trial, his Honor, upon motion of the defendant, entered a judgment dismissing the action for want of jurisdiction, upon the ground that it was an action in contract and within the jurisdiction of a justice of the peace. Plaintiff excepted and appealed.

*Carpenter & Carpenter for plaintiff.*
*J. F. Flowers for defendant.*

ALLEN, J. The uniform rule under our system of pleading is to construe the allegations liberally in favor of the pleader, with a view to substantial justice between the parties (*Brewer v. Wynne,* 154 N. C., 471), and "when the action can be fairly treated as based either in contract or in tort, the courts, in favor of jurisdiction, will sustain the election made by the plaintiff" (*Schulhofer v. R. R.,* 118 N. C., 1096, approved in *White v. Ely,* 145 N. C., 36); and further: "If the complaint is so worded that under the liberal procedure of The Code it could have been construed to be either an action on an express or implied contract (*Stokes v. Taylor,* 104 N. C., 394; *Fulps v. Mock,* 108 N. C., 601; *Holden v. Warren,* 118 N. C., 326) or either *in tort* or contract (*Brittain v. Payne,* 118 N. C., 989, *Schulhofer v. R. R.,* 118 N. C., 1096; *Timber Co. v. Brooks,* 109 N. C., 698; *Bowers v. R. R.,* 107 N. C., 721, or as a common-law action or one under the statute (*Roberson v. Morgan,* 118 N. C., 991), the Court will sustain the jurisdiction." *Sams v. Price,* 119 N. C., 573.

In *Bowers v. R. R.,* 107 N. C., 727, these principles were applied and the jurisdiction of the Superior Court sustained to recover less than $200 upon a complaint which alleged a contract as the foundation of the action, and the negligent failure to perform the contract, and applying them to the allegations of the complaint in the present action it is clear that an action *in tort,* which is within the jurisdiction of the Superior Court, is alleged, as the complaint alleges a tenancy, the nonpayment of rent, and a conversion of the crops raised on the lands rented. The judgment dismissing the action must be set aside.

Reversed.