### HIGGS-TAFT FURNITURE COMPANY v. JOHN G. CLARK.

(Filed 10 March, 1926.)

1. **Courts—Jurisdiction—Justices' Courts—Appeal — Contract — Tort— Constitutional Law.**

    Where the record of the justice of the peace has been lost, and only the judgment showing a recovery of the jurisdictional amount *ex contractu* appears in the trial on appeal, upon defendant's motion to dismiss for want of jurisdiction, an affidavit of the justice to the effect that the action was in tort is not conclusive. Const., Art. IV, sec. 27; C. S., 1474.

2. **Same—Pleadings—Contracts—Tort.**

    To sustain jurisdiction over the subject-matter of an action, the court will liberally construe the pleadings in the pleader's favor, and where the question is whether a justice of the peace had jurisdiction in contract, and the movant contends the case was *ex delicto,* and that it was beyond the jurisdiction of the justice of the peace, the court will sustain its jurisdiction if it reasonably appears from the pleadings that it was tried as *ex contractu* in the justice's court.

3. **Appeal and Error—Records—Briefs.**

    The Supreme Court is bound by the record on appeal, and will disregard matters presented only in the briefs.

APPEAL by defendant from *Stack, J.,* at November Term, 1925, of PITT.

Nonsuit as to G. A. Clark. Judgment against John G. Clark. No error.

The action was heard on appeal from the judgment of a justice of the peace. The original papers were lost, the only available record being the following transcript of the justice's judgment: "Judgment was rendered on 18 January, 1924, in favor of the plaintiff and against the defendant for the sum of one hundred and twenty-two and 50/100 dollars, with interest on same from 9 January, 1924, till paid and for costs." In the Superior Court the issue—"In what amount, if anything, is the defendant John Clark indebted to the plaintiff?"—was answered in favor of the plaintiff. Judgment for the plaintiff; exceptions and appeal by the defendant.

24—191

*S. J. Everett for plaintiff.*
*D. M. Clark for defendant.*

ADAMS, J. On the trial in the Superior Court there was evidence tending to show that the defendant had "rented" a team, for which he had "hired" a driver; that in some way the team had broken a plate-glass window in the plaintiff's store; and that the plaintiff had brought suit to recover the sum of $122.50 as the measure of its loss. With the exception of a transcript of the judgment the justice's record has been lost, and the transcript does not state the nature of the action. The case on appeal shows that throughout the trial in the Superior Court the action was treated as *ex contractu.* In the judge's charge to the jury the plaintiff's right to recover was made to depend upon the defendant's alleged promise to pay the plaintiff the amount they had agreed on as proper compensation for the loss; and in the judgment there is a recital of the plaintiff's recovery upon the defendant's promise to pay for the broken plate glass. Before the judgment was signed the defendant made a motion to set aside the verdict and read an affidavit made by the justice who had tried the case for the purpose of showing that the basis of the action before the magistrate was tort, not contract, and that, as the amount demanded exceeds $50.00, neither court had jurisdiction. Const., Art. IV, sec. 27; C. S., 1474.

This affidavit was not offered during the progress of the trial as secondary evidence of the contents of the lost papers; it would not have been competent for this purpose. *Avery v. Stewart,* 134 N. C., 287; *Greene v. Grocery Company,* 159 N. C., 119; *Byrd v. Collins, ibid.,* 641; *Mahoney v. Osborne,* 189 N. C., 445. The presiding judge denied the motion, and instead of adopting the allegations in the affidavit he permitted an amendment, presumably after investigation, to show that the pleadings as originally filed were sufficient to include both tort and contract, and that in the trial before the magistrate the plaintiff waived the tort and sued in contract, that is, on the defendant's express promise to pay the plaintiff to the extent of its loss.

We see no good reason to disapprove this ruling. In *Mitchem v. Pasour,* 173 N. C., 487, it is said: "The uniform rule under our system of pleading is to construe the allegations liberally in favor of the pleader, with a view to substantial justice between the parties (*Brewer v. Wynne,* 154 N. C., 471), and 'when the action can be fairly treated as based either in contract or in tort, the courts, in favor of jurisdiction, will sustain the election made by the plaintiff.' (*Schulhofer v. R. R.,* 118 N. C., 1096, approved in *White v. Ely,* 145 N. C., 36); and further: 'If the complaint is so worded that under the liberal procedure of The Code it could have been construed to be either an action on an

express or implied contract (*Stokes v. Taylor,* 104 N. C., 394; *Fulps v. Mock,* 108 N. C., 601; *Holden v. Warren,* 118 N. C., 326) or either in tort or contract (*Brittain v. Payne,* 118 N. C., 989, *Schulhofer v. R. R.,* 118 N. C., 1096; *Timber Co. v. Brooks,* 109 N. C., 698; *Bowers v. R. R.,* 107 N. C., 721), or as a common-law action or one under the statute (*Roberson v. Morgan,* 118 N. C., 991), the Court will sustain the jurisdiction.' *Sams v. Price,* 119 N. C., 573."

The defendant's motion for nonsuit, therefore, cannot be sustained. The other exceptions are untenable. In the defendant's brief reference is made to matters which do not appear in the case on appeal, but we are bound by the record. We find

No error.