O. H. ROEBUCK v. J. M. SHORT AND THE FARMERS BANK.

(Filed 26 September, 1928.)

1. **Courts—Superior Courts—Jurisdiction—Actions on Contract—Actions in Tort—Justices of the Peace.**

To determine whether an action is brought in tort or on contract the complaint alone will be considered, and where the complaint alleges the wrongful and unlawful demand of one hundred dollars by the defendant of the plaintiff's wife, as money due to the defendant under a mistake in the payment of a check, and alleges that the money was paid the defendant by plaintiff's wife upon insistent demand, the complaint alleges an action in tort, and a demurrer to the jurisdiction of the Superior Court should not be sustained. Const., Art. IV, sec. 27; C. S., 1436, 1473, 1474.

APPEAL by plaintiff from *Grady, J.,* at March Term, 1928, of PITT. Reversed.

Action to recover one hundred dollars, the property of plaintiff, wrongfully and unlawfully taken from his possession by defendants.

From judgment dismissing the action upon demurrer *ore tenus* to the complaint, plaintiff appealed to the Supreme Court.

*Julius Brown for plaintiff.*
*Albion Dunn for defendant.*

CONNOR, J. After the jury had been empaneled to try the issues arising on the pleadings in this action, and after the pleadings had been read, defendant demurred *ore tenus* to the complaint, for that upon its face the court was without jurisdiction of the subject-matter of the action. C. S., 511, sec. 1, and C. S., 518. Decision of the question thus presented was reversed, and plaintiff proceeded to offer evidence. Before plaintiff had rested the court announced its opinion that the action is

founded on contract, and that as the sum demanded in the complaint was less than two hundred dollars, to wit, one hundred dollars, the Superior Court did not have original jurisdiction of the action. In accordance with this opinion, the demurrer *ore tenus* was sustained. Judgment dismissing the action was rendered, and plaintiff, having duly excepted, appealed therefrom to the Supreme Court.

The question presented for decision by this Court is whether the cause of action alleged in the complaint is founded on contract, or whether it arises out of a tort. If the action is founded on contract, the Superior Court was without jurisdiction, and the judgment dismissing the action must be affirmed, for the reason that exclusive original jurisdiction of an action founded on contract, wherein the sum demanded does not exceed two hundred dollars, is conferred by the Constitution of this State upon a justice of the peace. Const., Art. IV, sec. 27; C. S., 1473. If the cause of action arises out of a tort, the Superior Court had original jurisdiction, and the judgment must be reversed, for the reason that, as the property in controversy exceeds in value the sum of fifty dollars, the Superior Court alone had exclusive original jurisdiction. Const., Art. IV, sec. 27; C. S., 1436; C. S., 1474. If the cause of action alleged in the complaint can be fairly treated as arising out of a tort, plaintiff having elected to bring his action in the Superior Court, the jurisdiction of the Superior Court should be sustained. *Furniture Co. v. Clark,* 191 N. C., 369, 131 S. E., 731. The decision of this question involves only the cause of action, as alleged in the complaint; the evidence offered by plaintiff cannot be considered, in deciding the question presented by the demurrer *ore tenus,* for the reason that the demurrer raises the question only as to whether the Superior Court was without jurisdiction upon the face of the complaint.

The facts alleged in the complaint, as constituting the cause of action upon which plaintiff demands judgment against the defendants, are as follows:

On 22 January, 1924, plaintiff, a farmer living in Pitt County, sold tobacco at a warehouse in the town of Greenville, in said county. He received for his tobacco a check for the sum of $342.50, drawn on defendant, The Farmers Bank, located in said town of Greenville; plaintiff presented said check to said defendant bank for payment; defendant, J. M. Short, assistant cashier of said bank, accepted said check, for his codefendant, and paid to plaintiff for said check the sum of $242.50 in currency; plaintiff, before he left the window through which the currency was handed to him by said defendant, Short, ascertained that he had been paid only $242.50, and immediately demanded the balance due, to wit, $100. The defendant, Short, insisted that he had paid to

plaintiff the full amount due him, to wit, $342.50. After some discussion, the said defendant agreed that if, upon balancing his cash at the close of the day's business, he should discover that he had made an error, as contended by plaintiff, he would send plaintiff, through the mail, a check for $100.

On 23 January, 1924, plaintiff, who lived in the country several miles from Greenville, received a letter from defendant, Short, advising him that said defendant had discovered that he had made an error on the day before, as contended by plaintiff. A cashier's check for $100, payable to the order of plaintiff, was enclosed with the letter, in payment of the balance due to plaintiff on the check of the warehouse. Plaintiff collected this check the next day through another .bank in Greenville, and took the money paid him to his home in the country.

The fourth, fifth and sixth paragraphs of the complaint, in which plaintiff's cause of action is set out, are as follows:

"Fourth. That on 25 January, 1924, while the plaintiff was away from home, the defendant, Short, came to the home of the plaintiff, and wrongfully and unlawfully demanded the said one hundred dollars of plaintiff's wife. That said defendant was very insistent in his demand for said one hundred dollars, and said that he must have it, and used profane language on the premises, and plaintiff's wife was frightened, and under such circumstances, upon said unlawful demand of the defendant, Short, she delivered said one hundred dollars of the plaintiff's money to the defendant, Short.

"Fifth. That the plaintiff is advised, informed and believes, and on such information and belief alleges that the defendant, Short, is an employee and assistant cashier of the defendant, The Farmers Bank, and in all the above transaction the defendant, Short, was acting as the agent and representative of The Farmers Bank, and for that reason the defendant, Short, and the defendant, The Farmers Bank, are jointly and severally liable to the plaintiff for said one hundred dollars and interest on the same from 25 January, 1924, which they are wrongfully withholding from plaintiff.

"Sixth. That the one hundred dollars which the defendant, Short, wrongfully and unlawfully obtained from the wife of plaintiff was the absolute property of the plaintiff, and the defendants, nor either of them, had any right or interest whatever in or to the same, and the obtaining of the same from the wife of plaintiff, in the absence of the plaintiff, was a gross fraud and imposition on the rights of the plaintiff, and the plaintiff is advised, informed and believes that the plaintiff is entitled to recover same of the defendants as any other property which they might wrongfully withhold from plaintiff."

The cause of action alleged in the complaint arises out of the wrongful and unlawful conduct of defendants by which said defendants wrongfully and unlawfully obtained possession of plaintiff's property; plaintiff does not waive the tort, and sue upon an implied contract of defendants to pay to him money had and received to his use. He demands the recovery of his property, to wit, one hundred dollars, now in the possession of defendants, as the result of their wrongful and unlawful conduct.

Upon the authority of *Mitchem v. Pasour,* 173 N. C., 487, 92 S. E., 322, approved in *Furniture Co. v. Clark,* 191 N. C., 369, 131 S. E., 731, the judgment dismissing the action upon the ground that the cause of action alleged in the complaint is founded on contract, and does not arise out of tort, and that, therefore, the Superior Court was without original jurisdiction of the action, is

Reversed.