## VERNON COBLE v. CHARLES A. REAP.

(Filed 20 January, 1967.)

**1. Pleadings § 12—**

A demurrer admits for its purposes the truth of factual averments well stated and all relevant inferences of fact deducible therefrom, but it does not admit inferences or conclusions of law.

**2. Pleadings § 17—**

Demurrer to the jurisdiction may be entered at any time, even in the Supreme Court on appeal, but such demurrer will be sustained when, and only when, the defect of jurisdiction appears on the face of the complaint.

**3. Appeal and Error § 3—**

Judgment sustaining a demurrer and dismissing the action is immediately appealable.

**4. Actions § 8—**

Where a party has his election to sue on contract or in tort, and the allegations, construed in the light most favorable to plaintiff, are sufficient to allege an action for conversion by the seller of property which the seller had sold plaintiff, the court will respect plaintiff's election for the purpose of sustaining jurisdiction.

**5. Sales § 3—**

Where the purchaser makes a part payment under an agreement to pay the balance of the purchase price when the purchaser picks up the articles sold, whether title passes at the time of part payment depends upon the intention of the parties, and title will be held to have passed at that time unless it is apparent that it was the intention of the parties that the payment of the balance of the purchase price, or some other requirement, was a condition precedent to the transfer of title.

**6. Courts § 4; Pleadings § 17; Trover and Conversion § 1— Allegations held to allege conversion by seller of articles sold to purchaser.**

Plaintiff's allegations were to the effect that he purchased specified items of personalty from defendant and made a partial payment under agreement that he would pay the balance of the purchase price when he picked up the articles, that defendant thereafter sold the personalty to a third party, to plaintiff's actual damage in the amount of $70. *Held:* The complaint was sufficient to allege a cause of action in tort for conversion, and defendant's demurrer to the jurisdiction on the ground that the action was *ex contractu* and within the exclusive original jurisdiction of a justice of the peace, should have been overruled. G.S. 7-63, G.S. 7-121, G.S. 7-122.

**7. Appeal and Error § 19—**

An assignment of error not supported by an exception is ineffectual.

APPEAL by plaintiff from *Gambill, J.,* 28 March 1966 Criminal Session of STANLY.

Plaintiff commenced this civil action in the Superior Court of

Randolph County by the issuance of summons on 12 August 1965. On the same date he filed in the Superior Court of Randolph County a complaint, which alleges in substance: Plaintiff is a citizen and resident of Randolph County, North Carolina, and defendant is a citizen and resident of Stanly County. On 28 December 1964 plaintiff purchased from defendant a planer, bits, and other miscellaneous parts appertaining thereto for an agreed price of $100. At the time of purchase plaintiff paid defendant the sum of $20, with a balance of $80 to be payable when the planer, bits, and other miscellaneous parts appertaining thereto were to be picked up by plaintiff a short time thereafter. A few days after the sale, plaintiff received a letter from defendant indicating he had found a purchaser for the property he had sold to plaintiff for the sum of $135 and had sold the property to such new purchaser, and defendant in his letter purported to refund to plaintiff the $20 plaintiff had paid him. Despite persistent and repeated demands for the planer to be produced and delivered to plaintiff and for damages for the wrongful conversion of said planer by defendant, defendant has failed and refused to either deliver the planer to plaintiff or to pay damages to plaintiff. The fair market value of this property when defendant sold it to plaintiff was $150, though plaintiff purchased it from defendant for a bargain price of $100. After selling this property to plaintiff for $100, defendant actually sold it to another purchaser for $135. The willful act of defendant in conveying the property of plaintiff after title had been transferred by defendant to plaintiff amounted to a willful conversion of the property of the plaintiff, for which he is entitled to have body execution issued against defendant for any judgment he may secure in this action. By reason of the willful conversion of this property, plaintiff is entitled to recover of defendant actual damages in the sum of $70 and punitive damages in the amount of $1,000.

Wherefore, plaintiff prays judgment that he recover from defendant the said planer, bits, and other miscellaneous parts appertaining thereto; that if this property is not delivered by defendant to plaintiff, that plaintiff recover judgment of defendant for the sum of $150, the reasonable market value of said property less a credit of $80 still due, for a net recovery of $70 actual damages, plus interest, and that he recover of defendant punitive damages in the amount of $1,000, and that body execution issue against defendant for any such judgment as plaintiff may recover for the willful conversion of his property.

On 27 August 1965, prior to the time defendant had filed an answer and prior to the time for defendant to answer said complaint had expired, plaintiff amended his complaint, in which he eliminated

in his prayer for relief the request that the property sold to him by defendant be delivered to him.

On 3 September 1965 Judge Walker, upon defendant's special appearance before him to make a motion for a change of venue of this action from Randolph County to Stanly County, entered an order removing this action from the Superior Court of Randolph County to the Superior Court of Stanly County for trial. Plaintiff did not except to this order, so far as the record before us shows. This order was received in the office of the clerk of the Superior Court of Stanly County on 8 September 1965.

On 9 September 1965 Joe H. Lowder, clerk of the Superior Court, granted a request of defendant to extend the time 20 days and until 3 October 1965 to file answer.

On 29 September 1965 defendant demurred to the complaint on the ground that it appears from the complaint that the alleged claim of plaintiff is a difference between $135 and $100, or a net alleged claim of $35, and for such claim of $35 the court of a justice of the peace has original jurisdiction, and therefore in this matter the Superior Court does not have original jurisdiction.

On 28 March 1966 Gambill, judge presiding over the 28 March 1966 Criminal Session of Stanly, heard the demurrer. Judge Gambill entered a judgment in which, after reciting that it is alleged in the complaint that defendant is indebted to plaintiff by reason of contract in the sum of less than $200 and it is provided in G.S. 7-121 that a justice of the peace shall have exclusive jurisdiction over such actions, he adjudged and decreed that the demurrer be sustained and that the action be dismissed.

From the judgment sustaining the demurrer, plaintiff appeals.

*Gerald C. Parker for plaintiff appellant.*
*Charles H. McSwain for defendant appellee.*

PARKER, C.J. Plaintiff assigns as error the judgment sustaining the demurrer to his complaint that a justice of the peace has exclusive jurisdiction over the subject matter of the action, and dismissing the action.

It is hornbook law in this jurisdiction that a demurrer admits, for the purpose of testing the sufficiency of the pleading, the truth of factual averments well stated and all relevant inferences of fact deducible therefrom, but it does not admit inferences or conclusions of law. 3 Strong's N. C. Index, Pleadings, § 12.

An objection that the court has no jurisdiction over the subject matter of the action may be raised by a demurrer to the complaint at any time, even in the Supreme Court on appeal. G.S. 1-127;

*Williams v. Cooper,* 222 N.C. 589, 24 S.E. 2d 484. A demurrer to a complaint on the ground that the court has no jurisdiction of the subject matter of the action will be sustained when, and only when, such defect appears upon the face of the complaint. *Richardson v. Richardson,* 261 N.C. 521, 135 S.E. 2d 532; 1 McIntosh, N. C. Practice and Procedure, 2d Ed., § 1184. From the judgment sustaining the demurrer to his complaint and dismissing his action, plaintiff has a right to appeal immediately to the Supreme Court. 1 McIntosh, N. C. Practice and Procedure, 2d Ed., § 1198.

G.S. 7-63 reads in relevant part: "The superior court has original jurisdiction of all civil actions whereof exclusive original jurisdiction is not given to some other court." G.S. 7-121 reads in relevant part: "Justices of the peace shall have exclusive original jurisdiction of all civil actions founded on contract, except — 1. Wherein the sum demanded, exclusive of interest, exceeds two hundred dollars." G.S. 7-122 reads: "Justices of the peace shall have concurrent jurisdiction of civil actions not founded on contract, wherein the value of the property in controversy does not exceed fifty dollars."

G.S. 1-151 reads: "In the construction of a pleading for the purpose of determining its effect its allegations shall be liberally construed with a view to substantial justice between the parties."

The question presented to us is whether the cause of action alleged in the complaint can be fairly treated as based in tort.

*Mitchem v. Pasour,* 173 N.C. 487, 92 S.E. 322, was an action commenced in the Superior Court by a landlord against his tenant, alleging the tenancy, the nonpayment of rent, and a conversion of the crops raised on the land, amounting to $134.16. In the Superior Court a judgment was entered dismissing the action for want of jurisdiction upon the ground that it was an action in contract and within the jurisdiction of a justice of the peace. The judgment dismissing the action was reversed. The Court in its opinion said:

> "The uniform rule under our system of pleading is to construe the allegations liberally in favor of the pleader, with a view to substantial justice between the parties, and 'when the action can be fairly treated as based either in contract or in tort, the courts, in favor of jurisdiction, will sustain the election made by the plaintiff;' and further: 'If the complaint is so worded that under the liberal procedure of The Code it could have been construed to be either an action on an express or implied contract, or either *in tort* or contract, or as a common-law action or one under the statute, the Court will sustain the jurisdiction.'" (Citing voluminous authority.)

See also *Roebuck v. Short,* 196 N.C. 61, 144 S.E. 515; *Furniture Co. v. Clark,* 191 N.C. 369, 131 S.E. 731.

In *Asher v. Reizenstein,* 105 N.C. 213, 10 S.E. 889, the Court held that the Superior Court had jurisdiction of an action for damages for the conversion of a horse where the amount claimed was $125.

Defendant appellee contends: "Since the title to the property had never passed to the plaintiff, the title still being in the seller (defendant), there could be no wrongful conversion of the property. The action is upon contract and a Court of the Justice of the Peace has exclusive original jurisdiction." With that contention we do not agree.

In *Shearin v. Indemnity Co.,* 267 N.C. 505, 148 S.E. 2d 560, it is said:

> " 'The effect of a part payment with respect to the transfer of title depends primarily on the terms of the contract and the intention of the parties, and also whether, as between the parties, anything still remains to be done with reference to the subject matter of the sale.' 77 C.J.S., Sales, § 266(b). 'Property may be delivered with the understanding that title thereto shall not pass until the performance of some condition, and such understanding or intention is given effect as between the parties.' 46 Am. Jur., Sales, § 433, p. 603."

This is said in *Teague v. Grocery Co.,* 175 N.C. 195, 95 S.E. 173:

> "On the present record, there are facts in evidence tending to show that this transaction was an executed contract of sale, having reference to designated and specific pieces of property, and if these facts should be accepted by the jury, it is well understood that present physical delivery of the property is not necessary to the transfer of the title but that the same passes according to the intent of the parties as expressed in the contract between them, and further, that, in the absence of specific agreement on the question, the presumption is that the title passed at the time of the purchase and without such delivery."

This is said in 46 Am. Jur., Sales, § 449:

> "Although the actual payment of the price or part thereof by the buyer in case of a sale of specified or identified chattels is a circumstance tending to show that it is the intention of the parties that the title pass, this circumstance is not controlling. The payment of the price or a part thereof does not necessarily operate to transfer the title to the buyer if anything further

remains to be done by the seller to the subject matter of the sale before delivery."

This is said in Vold, The Law of Sales, 2d Ed., p. 144:

"There may be an unconditional contract to sell identified goods· which are then in a deliverable state. If so, unless a different intention appears, the property interest passes to the buyer when the deal is made.

"Neither mere postponement of delivery, nor mere postponement of payment, nor both, show a contrary intention."

The factual averments well stated in the complaint and all relevant inferences of fact deducible therefrom by a liberal construction are sufficient to show plaintiff purchased from defendant a planer, bits, and other miscellaneous parts appertaining thereto for an agreed price of $100; that plaintiff paid defendant the sum of $20 with a balance of $80 to be payable when this property was to be picked up by plaintiff a short time thereafter; that the fair market value of this property when defendant sold it to plaintiff was $150, though plaintiff purchased it from defendant for a bargain price of $100; that this was a sale of specified and identified goods which were then in a deliverable state; and that a reasonable inference to be drawn from these alleged facts is that upon the payment by plaintiff to defendant of the sum of $20 this transaction was an executed contract of sale, and that it was the intention of the parties that the title to this property should pass to the buyer upon the payment of $20 of the purchase price. The complaint alleges a willful conversion of this property by defendant when he sold it to a stranger for the price of $135, and prays that plaintiff recover from defendant the sum of $70 as actual damages. It is our opinion, and we so hold, that this action can be fairly treated as based on the tort of conversion, and that the Superior Court has jurisdiction.

Defendant's second and last assignment of error is that the court erred in entering an order removing the case from Randolph County to Stanly County for trial. Plaintiff did not except to the order for change of venue. This assignment of error has no exception to support it, and is ineffectual to bring up for review the order for change of venue. *Barnette v. Woody*, 242 N.C. 424, 88 S.E. 2d 223; 1 Strong's N. C. Index, Appeal and Error, § 19.

In our opinion, the election of jurisdiction made by plaintiff should be upheld, and the judgment sustaining the demurrer and dismissing the action was erroneously entered, and is

Reversed.