UNDERWOOD *v.* HOWLAND, COMR. OF MOTOR VEHICLES.

---

JAMES C. UNDERWOOD v. RALPH L. HOWLAND, COMMISSIONER OF MOTOR VEHICLES OF THE STATE OF NORTH CAROLINA.

(Filed 10 July 1968.)

1. **Automobiles § 2— Complaint properly alleged that revocation under G.S. 20-28.1 was not mandatory.**

   In an action by the holder of an operator's license to review the revocation of his license by the Commissioner, plaintiff alleged that he was convicted on 31 January 1968 of the offense of operating a motor vehicle without a license on 28 August 1966 while his license was in a state of suspension from 13 July 1966 to 13 October 1966, that subsequent to his conviction defendant notified him that, effective 4 March 1968, his license would be revoked under G.S. 20-28.1 for a period of one year as a result of his conviction of a moving violation committed while driving during a period of suspension. *Held:* The complaint alleges sufficient facts to show that (1) the revocation of plaintiff's license by defendant was not mandatory under G.S. 20-28.1, since the statute provides that revocation must become "effective on the date set for termination of the suspension or revocation which was in effect at the time of such offense," and that (2) plaintiff is entitled to a review of defendant's order in the Superior Court pursuant to G.S. 20-25.

2. **Pleadings § 12—**

   Upon demurrer the facts alleged in the complaint must be accepted as true.

3. **Statutes § 5—**

   Where the language of a statute is clear and unambiguous, there is no room for judicial construction, and the courts must give it its plain and definite meaning and are without power to interpolate or to superimpose provisions and limitations not contained therein.

**4. Automobiles § 2—**

Contention of defendant Commissioner that a literal interpretation of G.S. 20-28.1 would lead to absurd results, and that the statute should be interpreted to mean that where notice of licensee's conviction is received after the termination date of the initial suspension the revocation should be prospective in nature, presents a question for the legislature and not the courts, the language of the statute being clear and unambiguous.

APPEAL by plaintiff from *Fountain, J.,* April-May 1968 Session of WAYNE Superior Court.

Pertinent allegations in the complaint in this civil action are summarized as follows: On 27 February 1968, plaintiff was the holder of an operator's license; on said date, he received a notice of revocation from defendant advising that pursuant to G.S. 20-28.1 said license would be revoked for one year from and after 4 March 1968; the purported reason of revoking plaintiff's license was that defendant had been notified that plaintiff was convicted in the Wayne County Court on 31 January 1968 of operating a motor vehicle on the public highway on 28 August 1966, and that plaintiff's operator's license was in a state of suspension from 13 July 1966 to 13 October 1966. Pursuant to the notice, plaintiff surrendered his operator's license to defendant and on 8 March 1968 requested that his license be returned for the reasons hereinafter stated.

Defendant failed to return plaintiff's license and this suit was instituted. Defendant demurred to the complaint, contending that it does not state facts sufficient to constitute a cause of action.

Following a hearing on the demurrer, Judge Fountain entered judgment sustaining the demurrer and dismissing the action. Plaintiff appealed.

*Herbert B. Hulse, Attorney for plaintiff appellant.*

*T. Wade Bruton, Attorney General, by William W. Melvin, Assistant Attorney General, and T. Buie Costen, Staff Attorney, for the defendant appellee.*

BRITT, J. First, we must decide if, in the light of G.S. 20-25, the Superior Court may consider this action. Pertinent provisions of the statute are as follows: "Any person denied a license or whose license has been cancelled, suspended or revoked by the Department, except where such cancellation is mandatory under the provisions of this article, shall have a right to file a petition within thirty (30) days thereafter for a hearing in the matter in the superior court. . . ."

For the purpose of this appeal, the crucial clause in the statute

is "except where such cancellation is mandatory under the provisions of this article."

In view of defendant's demurrer, we must accept as true the facts alleged in the complaint. *Coble v. Reap,* 269 N.C. 229, 152 S.E. 2d 219. Therefore, it becomes necessary to determine if the defendant, under the facts alleged in the complaint, was under statutory mandate to revoke plaintiff's operator's license for the period from 4 March 1968 to 4 March 1969. This brings us to a consideration of G.S. 20-28.1, pertinent provisions of which are as follows:

> "Conviction of moving violation committed while driving during period of suspension or revocation of license. — (a) Upon receipt of notice of conviction of any motor vehicle moving violation committed while driving a motor vehicle, such offense having been committed while such person's operator's or chauffeur's license was in a state of suspension or revocation, the Department shall revoke the person's license *effective on the date set for termination of the suspension or revocation which was in effect at the time of such offense.* (Emphasis added.)

> "(b)  When a license is subject to revocation under this section, the period of revocation shall be as follows:

> "(1)  A first such revocation shall be for one year;"

In his complaint, plaintiff alleges that the termination date of his original suspension was 13 October 1966; that he was indicted for operating a motor vehicle on the highway without a license on 28 August 1966 but was not convicted until 31 January 1968; that because of said conviction defendant has ordered plaintiff's license revoked for one year beginning 4 March 1968.

Plaintiff contends that on the facts alleged in his complaint, any order of defendant under G.S. 20-28.1 revoking his license would have to become "effective on the date set for termination of the suspension or revocation which was in effect at the time of such offense," and that said date was 13 October 1966.

Plaintiff's contention is well-founded. We hold that the complaint alleges sufficient facts to show that the revocation of plaintiff's license by defendant was not mandatory under the provisions of Article 2 of Chapter 20 of the General Statutes, and the sustaining of defendant's demurrer by the Superior Court was error.

In his brief, defendant contends that a literal interpretation of G.S. 20-28.1 would lead to absurd results; that the statute should be interpreted to mean that the revocation should date from the termination of the initial suspension "if notice of conviction is received

before such termination date," and that where "notice of conviction is received after such termination date, the revocation should be prospective in nature."

We cannot adopt defendant's contention. Where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must give its plain and definite meaning; *Davis v. Granite Corp.*, 259 N.C. 672, 131 S.E. 2d 335; and the courts are without power to interpolate, or superimpose provisions and limitations not contained therein. *Board of Architecture v. Lee*, 264 N.C. 602, 142 S.E. 2d 643.

It is our duty to adjudicate, not legislate; to interpret the law as written, not as we would have it. We are compelled to interpret the statutes, including G.S. 20-28.1, as written, leaving to the General Assembly the responsibility of writing and amending statutes.

The judgment of the Superior Court sustaining defendant's demurrer is

Reversed.

CAMPBELL and MORRIS, JJ., concur.