M. H. GOODRUM v. FARMERS GIN COMPANY, ANCHOR MILLS, INC., CHARLES BARNETT, AND MOORESVILLE FLOUR MILLS.

(Filed 28 April, 1937.)

APPEAL by defendants from *Cowper, Special Judge,* at November Term, 1936, of MECKLENBURG. No error.

Action to recover the value of certain crops acquired by defendants from H. A. Smith, which said crops were alleged to have been covered by plaintiff's registered chattel mortgages and crop liens.

Plaintiff alleged, and offered evidence tending to show, that H. A. Smith, then engaged in the cultivation of crops, in order to secure a debt, executed to him liens on all the crops by him raised on described lands, and that these liens were renewed from year to year by the execution of additional chattel mortgages and crop liens on succeeding crops, including the years 1933, 1934, and 1935; that while the debts were unpaid and the mortgages of record in the county, Smith sold and delivered certain crops of cotton and cotton seed, raised on the lands, to the defendants in 1933 and 1934 without the consent or previous knowledge of the plaintiff, and the plaintiff asked that he recover the value of the crops so delivered to the defendants by the lienor.

At the close of plaintiff's evidence, defendants moved for judgment of nonsuit. This motion was denied and defendants offered no evidence.

Issues were submitted to the jury and answered as follows:

"1. Did the 1935 mortgage cancel and release the lien of the 1934 mortgage? Ans.: 'No.'

24—211

"2. Did H. A. Smith sell his 1933 crops with the consent of the plaintiff? Ans.: 'No.'

"3. Did H. A. Smith sell his 1934 crops with the consent of the plaintiff? Ans.: 'No.'

"4. How much, if any, are the defendants indebted to the plaintiff? Ans.: '$254.52.' "

From judgment on the verdict defendants appealed.

*B. F. Wellons for plaintiff, appellee.*
*H. C. Jones and Brock Barkley for defendants, appellants.*

PER CURIAM. The only question presented by the appeal is the correctness of the ruling of the court below in denying the motion for judgment of nonsuit. There were no exceptions to the evidence or to the judge's charge to the jury.

The defendants contended that the evidence offered by the plaintiff showed that his course of dealing with the mortgagor with respect to the crops covered by his mortgage was such as to indicate that he had consented to the sale of the crops by the mortgagor, and that the execution of a new mortgage each year released the mortgage on the crops of the preceding year, and ratified the sales to defendants. But the plaintiff testified: "I never gave Mr. Smith permission to sell any part of mortgaged crops. Never agreed to release either mortgage. Had a definite understanding and agreement with Mr. Smith that each additional mortgage would be additional security with right to toll all crops previously disposed of unless 1935 note paid in full at maturity. Had no knowledge of either defendant purchasing crops, except Smith told me he had sold them to C. B. Barnett."

This evidence was sufficient to take the case to the jury on the issues raised. Liability for the recovery was apportioned among the defendants in accord with an agreement between them.

In the trial, we find