BANK OF PINEHURST v. R. A. DERBY.

(Filed 24 May, 1939.)

**Appearance § 1: Judgments § 11—Defendant making a special appearance and moving to dismiss is entitled to final determination of his motion prior to hearing of plaintiff's motion for judgment by default.**

Defendant made a special appearance and moved to dismiss the action for want of proper service. Later plaintiff moved to dismiss defendant's motion and for judgment by default. The clerk heard both the motions together; denied defendant's motion and granted plaintiff's motion; and upon appeal the Superior Court affirmed the judgment of the clerk as a whole. *Held:* Defendant was entitled to appeal from an adverse ruling by the clerk and to a final determination of his motion prior to the hearing of plaintiff's motion for judgment by default, since he could not resist plaintiff's motion without making a general appearance, and since he is entitled to answer or demur within 30 days after the final determination of his motion to dismiss upon a special appearance, C. S., 509, and the cause is remanded by the Supreme Court for further proceedings according to law.

Appeal by defendant from *Bivens, J.,* at December Term, 1938, of Moore.

Civil action to recover deficiency arising from stock assessment levied under the provisions of Michie's Code (1935), sec. 219 (f).

The plaintiff is a resident corporation; the defendant a nonresident of the State, owning real estate in Richmond County.

An order that service be made by publication and attachment was signed by the clerk on 11 April, 1934. The sheriff made his return on 17 April following. On 18 June, 1934, an alias summons was ordered to issue against the defendant.

Thereafter, on 18 July, 1934, the defendant entered a special appearance and moved "to dissolve and dismiss warrant of attachment" for want of proper service or for want of jurisdiction.

Nearly four years later, to wit, on 23 June, 1938, the plaintiff filed a motion to dismiss the defendant's motion made upon special appearance and for judgment by default.

These two motions were heard together on 20 July, 1938, and resulted in judgment by the clerk denying the defendant's motion and allowing the plaintiff's motion. On appeal to the Superior Court, the judgment of the clerk was sustained and the appeal of the defendant dismissed.

From this ruling the defendant appeals, assigning error.

*U. L. Spence for plaintiff, appellee.*
*Hoyle & Edwards for defendant, appellant.*

STACY, C. J. By hearing the two motions together the defendant was apparently disadvantaged, for he could not resist the plaintiff's motion in its entirety or that part asking for judgment by default, without waving his special appearance. *Scott v. Life Assn.,* 137 N. C., 515, 50 S. E., 221. Nor could he ask for time to plead to the merits without making a general appearance. *Abbitt v. Gregory,* 195 N. C., 203, 141 S. E., 587; *Currie v. Mining Co.,* 157 N. C., 209, 72 S. E., 980. He gave notice of appeal from the denial of his motion, which was his right. *Denton v. Vassiliades,* 212 N. C., 513, 193 S. E., 737. *Cf., Johnson v. Ins. Co., ante,* 120. He still has thirty days "after the final determination of a motion to dismiss upon a special appearance," C. S., 509, within which to file demurrer or answer to the complaint.

The special appearance of the defendant, if it is to be preserved, precludes separate consideration on appeal of the dual rulings made by the clerk. The judgment of the Superior Court is *in solido.*

The judgment will be vacated and the cause remanded for further proceedings as to justice appertains and the rights of the parties may require.

Error and remanded.