FOUR COUNTY AGRICULTURAL CREDIT CORPORATION v. F. G. SATTERFIELD, J. S. SATTERFIELD, WALKER STONE AND G. T. CUNNINGHAM, TRADING AS LIBERTY WAREHOUSE.

(Filed 16 October, 1940.)

**1. Pleadings §§ 14, 18: Courts § 7—**

Demurrer to the jurisdiction, C. S., 511, for that summons was issued out of a recorder's court to another county in an action *ex contractu* involving less than $200.00, Public Laws of 1939, chapter 81, is bad as a speaking demurrer, since the defect does not appear upon the face of the complaint.

**2. Courts § 7a—**

This action was instituted in a recorder's court against a warehouseman to recover the sum of $134.00 upon allegation that defendant had sold tobacco subject to plaintiff's chattel mortgage and paid the proceeds to the mortgagor. *Held:* Defendant's objection to the jurisdiction on the ground that the action was *ex contractu* for an amount less than $200.00, and that summons was issued out of the county, is untenable, since the complaint is sufficient to allege a cause of action for conversion.

**3. Appearance § 2—**

A demurrer on the grounds that the complaint fails to state a cause of action and that there is a defect of parties constitutes a general appearance and waives the defendant's right to object to the jurisdiction on the ground of invalid process.

**4. Warehousemen § 4—**

The public laws regulating warehousemen do not require them to receive and sell mortgaged property without the knowledge and consent of the mortgagee, nor relieve them of their common law liability to a mortgagee for such conversion.

**5. Chattel Mortgages § 11—**

This action was instituted by a mortgagee against a warehouseman alleging that the defendant sold tobacco subject to the registered chattel mortgage and turned over the proceeds of sale to the mortgagor. Defendant demurred for defect of parties upon his contention that plaintiff should follow the tobacco into the hands of the purchaser. *Held:* The demurrer was properly overruled, plaintiff being entitled to sue any party liable he deems responsible.

APPEAL by defendants from *Thompson, J.,* at February Term, 1940, of HARNETT. Affirmed.

The plaintiff brought action in the Recorder's Court of Dunn for the recovery of $134.33, the value of certain tobacco upon which plaintiff claimed a chattel mortgage and agricultural lien securing a larger amount, which tobacco, it is claimed, was received by defendants as warehousemen, disposed of by them, and the proceeds paid to the makers of the chattel mortgage.

The defendants demurred to the complaint or declaration upon three grounds: (1) That the recorder's court acquired no jurisdiction of defendants on the subject matter, because chapter 81, Public Laws of 1939, relating to the issuance of summons by inferior courts, prohibits its summons from running outside of the county, unless the amount involved is more than two hundred dollars in matters arising out of contract, and more than fifty dollars in matters arising out of tort, whereas, the plaintiff sues in contract and the amount involved is less than two hundred dollars; (2) that defendants are public warehousemen, charged with the duty of selling the tobacco of all comers, under State control and regulation, and are, therefore, not liable to the plaintiff in either a public or private capacity; and (3) that they are not proper parties to the suit, since, as contended, it is the duty of plaintiff "to follow the tobacco grown upon the lands of G. O. Childress and wife, Jessie Childress," into the hands of the ultimate purchasers on the warehouse floor.

The demurrer was overruled and defendants appealed to the Superior Court. To the overruling of the demurrer in the Superior Court, defendants appealed to this Court.

*I. R. Williams and C. G. Dunn for plaintiff, appellee.*
*B. I. Satterfield for defendants, appellants.*

SEAWELL, J. The objection to the jurisdiction, since the defect does not appear on the face of the complaint (C. S., 511), but concerns the issuing and service of summons (chapter 81, Public Laws 1939), should have been made by motion to dismiss, under a special appearance. Treated as such (compare *Smith v. Haughton,* 206 N. C., 587, 174 S. E., 506), the plea is not good, since the allegations are sufficient to support an action for conversion of the property. But defendants did not protect themselves by a special appearance or confine the demurrer to an objection to the jurisdiction. They demurred also to the sufficiency of the complaint and the joinder of parties. Filing this demurrer had the effect of entering a general appearance and waiving any objection to the jurisdiction arising out of the issue and service of summons. *Motor Co. v. Reaves,* 184 N. C., 260, 114 S. E., 175.

The demurrer to the complaint as not stating a cause of action cannot be sustained. The particular objection based on defendants' immunity as public warehousemen has been decided adversely to them by this Court in *White v. Boyd,* 124 N. C., 77, 32 S. E., 387. See, also, *Burwell v. Cooperative Co.,* 172 N. C., 79, 89 S. E., 1064; *Nowell v. Basnight,* 185 N. C., 142, 116 S. E., 87; *Roebuck v. Short,* 196 N. C., 61, 144 S. E., 515; *Furniture Co. v. Clark,* 191 N. C., 369, 131 S. E., 567. From these cases it may be inferred that the public laws regulating warehousemen do not require them to receive and sell mortgaged property without the knowledge and consent of the mortgagee, and do not liquidate their common law liability for the conversion.

Going no further than the complaint, we cannot see that defendants are not proper parties to sue for relief. In "following the tobacco," plaintiff is not required to encircle the globe, but may make the first port of entry where both liability and responsibility may be found. *Goodrum v. Gin Co.,* 211 N. C., 737, 191 S. E., 25; *Womble v. Leach,* 83 N. C., 84.

The judgment overruling the demurrer is
Affirmed.