## KAUFMAN v. UNITED STATES.

### No. 7533.

District Court of the United States for the District of Columbia.

Nov. 29, 1940.

William F. Kelly and P. J. J. Nicolaides, both of Washington, D. C., for plaintiff.

Edward M. Curran, U. S. Atty., and John L. Laskey, Asst. U. S. Atty., both of Washington, D. C., for defendant.

LAWS, Justice.

Suit is filed in this case under Act of March 3, 1887, and amendments thereto, commonly known as the "Tucker Act", 28 U.S.C.A. § 41(20). Plaintiff is a resident of New York. Defendant, the United States of America, has filed a motion to dismiss the complaint maintaining that under the Tucker Act suit must be filed "in the District where plaintiff resides." Counsel for plaintiff concedes the motion will have to be granted, unless the defendant has waived the right to raise the question of jurisdiction. He claims that two stipulations between counsel for plaintiff and the United States Attorney, counsel for defendant, under date of August 3, 1940, and September 30, 1940, respectively, whereby provision is made that "the time within which the defendant may plead to the complaint herein be and the same hereby is extended" consisted of a general appearance to answer the complaint and of a waiver of right to question jurisdiction.

It appears to me the contention of plaintiff would have been sound prior to the adoption of the New Rules of Federal Procedure, 28 U.S.C.A. following section 723c. However, by Rule 12, subsection (b),

of said Rules provision is made that "every defense * * * to a claim for relief * * * shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue * * *." It seems to me that this language plainly gives the right to raise questions as to jurisdiction by motion or by answer, at the option of the pleader, whereas before the said Rules the question might only be raised by a special appearance attacking jurisdiction. When the parties in this cause entered into the stipulation in the light of the Rule and specifically reserved the time to plead they necessarily reserved the right to set up the defense of jurisdiction. Certain it is that a reservation of the right to plead the defense of jurisdiction cannot be construed to be a waiver of such right. It, therefore, seems to me that by the stipulations in this cause, there was no waiver right to raise the defense of lack of jurisdiction. None of the cases cited by counsel conflicts with this view.

Accordingly, the motion to dismiss filed in this cause will be granted.