G. W. WILLIAMS v. H. A. COOPER AND WIFE, MRS. H. A. COOPER.

(Filed 24 February, 1943.)

1. **Courts § 2a—**

    A motion to dismiss an action in a recorder's court, for want of jurisdiction of either the parties or the subject matter of the suit, challenges plaintiff's right to maintain his action in such court and defendants have the right to appeal from an order overruling same. An appeal being denied, petition for writ of *certiorari* is the proper remedy.

2. **Appearance § 1—**

    When jurisdiction of the person is challenged for lack of legal service of summons, a motion to dismiss made on special appearance is ordinarily the proper method of presenting the question for decision.

3. **Appearance § 2b—**

    A general appearance waives any defects in the jurisdiction of the court for want of a valid summons or proper service thereof.

4. **Pleadings § 14—**

    Objection to the jurisdiction of the court over the subject matter of the action is presented by demurrer, C. S., 511, and a demurrer is a plea to the cause of action set out in the complaint.

5. **Appearance § 2a—**

    A motion or demurrer which pertains to the merits of the cause or alleged deficiencies in the pleadings constitutes a general appearance and subjects the movant to the jurisdiction of the court. *Held:* An objection, that the court has no jurisdiction of the subject matter of the action, is taken to the merits and not merely to the jurisdiction over the person, and is in fact a general appearance which waives any defects in jurisdiction for want of proper service.

**6. Courts § 7—**

The recorder's court of the city of Reidsville has jurisdiction, concurrent with the Superior Court, in a civil action founded on a contract wherein the sum demanded does not exceed $1,500.00, under Public-Local Laws 1915, ch. 324, as amended by Public Laws 1931, ch. 24, and Public-Local Laws 1915, ch. 324, is not in violation of N. C. Constitution, Art. II, sec. 29.

**7. Courts § 2a—**

Where a preliminary question, such. as jurisdiction, has been decided against movant by the Superior Court, on appeal or other review from an inferior court, the cause should be remanded to the inferior court for trial. *Held:* Trial *de novo* in the Superior Court means a new trial after final judgment in an inferior court.

APPEAL by defendants from *Gwyn, J.,* 28 December, 1942.   From ROCKINGHAM.   Affirmed.

Petition for *certiorari.*

On 16 October, 1942, plaintiff, a resident of Rockingham County, instituted this action in the recorder's court of Reidsville against the defendants, residents of Lee County, to recover an alleged balance of $260.02 due on a note in the sum of $600.00, executed by defendants in Guilford County, dated 16 October, 1931, and payable 16 October, 1932, to the North Carolina Industrial Bank of Greensboro.   Plaintiff alleges that he acquired said note by purchase from the Commissioner of Banks acting as statutory receiver of the payee bank.   Summons under seal was issued out of said recorder's court to the sheriff of Lee County and was served upon the defendants by him.   Thereupon, defendants entered a special appearance and moved to dismiss the action for that the recorder's court of Reidsville Township was without jurisdiction of either the parties or the subject matter of the suit.

On 1 December, 1942, the judge of the recorder's court heard said motion, overruled same and ordered the defendants to file answer.   The trial judge having denied defendants' right to appeal from his order dismissing the motion made on special appearance, on the grounds that such appeal was premature, the defendants applied by petition to the Superior Court for a writ of *certiorari.*

Thereafter, the parties entered into a written stipulation that the petition for *certiorari* should be submitted to Gwyn, J., resident judge and judge holding the courts of the 21st Judicial District, to determine the questions of law arising on said petition and to render judgment thereon, with authority on the part of the court to find the facts, if the finding of facts should become necessary.   Pursuant to said stipulation the court considered the petition and concluded "that said recorder's

court has jurisdiction of the subject matter and the parties to this action." Judgment was entered sustaining the order of the recorder overruling and dismissing the special appearance made by the defendants. The cause was remanded to the recorder's court to the end that defendant may file answer and trial may be had on the issues thus raised. The defendants excepted and appealed.

*Sharp & Sharp for plaintiff, appellee.*
*K. R. Hoyle for defendants, appellants.*

BARNHILL, J. The parties agreed in the stipulation filed that the questions of law presented for decision by the Superior Court were: (1) Did the defendants have the right of immediate appeal to the Superior Court of Rockingham County upon the overruling of their special appearance and motion to dismiss without having first answered and before trial had in the recorder's court; and (2) if so, does the recorder's court of Reidsville Township have jurisdiction of the parties and the subject matter of this action either under general legislation or Public-Local Laws of North Carolina? Ch. 324, Public-Local Laws 1915; ch. 24, Public Laws 1931.

The motion or demurrer challenges the right of the plaintiff to maintain his action in the recorder's court of Reidsville. Defendants had the right to appeal from the order overruling the same. C. S., 509; C. S., 514; C. S., 638; *Jones v. Oil Co.,* 202 N. C., 328, 162 S. E., 741. McIntosh P. & P., 470. An appeal having been denied, petition for writ of *certiorari* was the proper remedy. *Pue v. Hood, Comr. of Banks, ante,* 310.

On the second question defendants deny jurisdiction either of the person or of the subject matter of the action.

The local court had jurisdiction of the person of the defendants for two reasons: (1) there was a valid service of summons; and (2) the defendants made general appearance.

The local court was authorized by the statute creating it to issue a summons running out of the county, and the issuance of the summons to another county addressed to the sheriff of that county is authorized by statute, C. S., 478 (a). Admittedly this summons was served on defendants.

Jurisdiction of the person depends on notice and the duty to give notice by service of a valid summons rests upon plaintiff. When jurisdiction of the person is challenged for that there was no legal service of a valid summons a motion to dismiss made on special appearance is ordinarily the proper method of presenting the question for decision.

*Credit Corp. v. Satterfield,* 218 N. C., 298, 10 S. E. (2d), 914; *Lindsay v. Short,* 210 N. C., 287, 186 S. E., 239; *Smith v. Haughton,* 206 N. C., 587, 174 S. E., 506; *Suskin v. Trust Co.,* 213 N. C., 388, 196 S. E., 407; *Bank v. Derby,* 215 N. C., 669, 2 S. E. (2d), 875; *Denton v. Vassiliades,* 212 N. C., 513, 193 S. E., 737. A general appearance waives any defect in the jurisdiction of the court for want of valid summons or proper service thereof. *Credit Corp. v. Satterfield, supra; Motor Co. v. Reaves,* 184 N. C., 260, 114 S. E., 175; *Bank v. Derby, supra.*

On the other hand, objection to the jurisdiction of the court over the subject matter of the action is presented by demurrer, C. S., 511, and a demurrer is a plea to the cause of action set out in the complaint. *Motor Co. v. Reaves, supra; Shaffer v. Bank,* 201 N. C., 415, 160 S. E., 481; *Credit Corp. v. Satterfield, supra.*

A motion or demurrer which pertains to the merits of the cause or alleged deficiencies in the complaint constitutes a general appearance and subjects the movant to the jurisdiction of the court. *Motor Co. v. Reaves, supra; Shaffer v. Bank, supra; Credit Corp. v. Satterfield, supra.*

An objection that the court has no jurisdiction of the subject matter of the action is considered in law as taken to the merits and not merely to the jurisdiction of the court over the person of the defendant and an appearance for the purpose of entering such objection is, in fact, a general appearance which waives any defect in the jurisdiction arising either from want of service on defendants or from a defect therein. *Motor Co. v. Reaves, supra; Credit Corp. v. Satterfield, supra; Gilbert v. Hall,* 115 Ind., 549.

It follows that defendants are in court both by service of summons and by general appearance made when they filed their motion to dismiss for want of jurisdiction of the subject matter of the action.

This brings us to the primary question presented for decision: Does the recorder's court of Reidsville have jurisdiction of the cause of action set out in the complaint?

Defendants' challenge of this jurisdiction is bottomed upon language used in the Act first conferring on this court limited jurisdiction in civil actions. Ch. 324, Public-Local Laws 1915. The jurisdiction conferred by this Act is "in civil actions arising in said county out of contract where the sum demanded is not over $500." Plaintiff's cause of action did not arise in Rockingham County. Hence, the defendants argue, the local court is without jurisdiction.

Plaintiff, we understand, concedes that if the 1915 Act is controlling then the local court is without jurisdiction. He asserts, however, that ch. 24, Public Laws 1931, vested this court with general jurisdiction concurrent with that of the Superior Court over all civil actions on

contract where the amount demanded does not exceed $1,500, unlimited by the provisions of the 1915 Act.

This Act, in section 1 (a), provides:

"In addition to the civil jurisdiction already conferred upon the Recorder's Court of the City of Reidsville, the said Court shall have concurrent jurisdiction with the Superior Court of Rockingham County in all civil actions founded on contract wherein the sum demanded shall not exceed fifteen hundred dollars and wherein the title to real estate shall not be in controversy and other civil actions not founded on contract wherein the value of the property in controversy or the sum demanded does not exceed one thousand dollars."

The language used is sufficiently comprehensive to embrace all civil actions within the prescribed limitations without regard to whether they arose in or outside Rockingham County, subject, of course, to the provisions of the venue statute. The jurisdiction thus conferred is in addition to the civil jurisdiction then existing and is not limited by the language "arising in said county" used in the 1915 Act. If there is any conflict then the former act, to the extent of such conflict, is repealed by the 1931 statute. We are of the opinion that it clearly embraces plaintiff's cause of action.

The enactment of this Public-Local Law is not inhibited by Art. II, sec. 29, of the Constitution. We so held in *Provision Co. v. Daves,* 190 N. C., 7, 128 S. E., 593. See also *S. v. Horne,* 191 N. C., 375, 131 S. E., 753; *Deese v. Lumberton,* 211 N. C., 31, 188 S. E., 857. Whether that part of the Act which extended the territorial limitations of the court is valid is not, on this record, material.

The defendants also assign as error that part of the judgment which remands the cause to the recorder's court for trial. This assignment is without merit.

The pertinent statute provides, in effect, for trial *de novo* in the Superior Court in all appeals from the Reidsville recorder's court. Trial *de novo* as thus used means a retrial or a new trial in a Superior Court of a cause theretofore heard in an inferior court. There can be no trial *de novo* until there has first been a trial in the inferior court. This cause reached the Superior Court on a preliminary skirmish to determine the right of the local court to proceed. No issue of fact has been joined by answer. No trial has been had and no final judgment has been entered by the inferior court. Hence, there was no error in the order of remand.

All the cases cited by defendants in support of this contention relate to and discuss appeals from final judgments. They are not authoritative here.

That the local court is sometimes referred to as the recorder's court of the town of Reidsville and sometimes as the recorder's court of the city of Reidsville is not material here. It did not mislead defendants. They knew to what court they were summoned and they duly appeared.

The judgment below is

Affirmed.