JAMES WILSON v. S. W. THAGGARD, ADMINISTRATOR OF THE ESTATE OF WALTER ROBINSON,

and

WILLIE STONE v. S. W. THAGGARD, ADMINISTRATOR OF THE ESTATE OF WALTER ROBINSON.

(Filed 6 June, 1945.)

**1. Appearance § 2a—**

A defendant who makes a general appearance thereby waives irregularities in the service of summons and subjects himself to the jurisdiction

of the court. G. S., 1-103. The same result follows when defendant obtains time within which to answer.

### 2. Appearance § 2b: Judgments § 10—

A defendant, having made a general appearance, by motion to set aside a default judgment, which was allowed and time granted defendant in which to plead, it is his duty to answer or demur, even though a copy of the complaint filed has not been delivered to defendant, G. S., 1-121, and, upon his failure to do either, the court has authority to enter judgment by default and inquiry, without notice. And the court is without discretion to vacate the same, except upon a finding of fatal irregularity or excusable neglect and meritorious defense. G. S., 1-220.

APPEAL by plaintiffs from *Harris, J.,* at March Term, 1945. Reversed. Motion to vacate judgments by default and to dismiss actions.

These causes were here on a former appeal. *Wilson v. Robinson,* 224 N. C., 851. This Court at that time affirmed the order of Hamilton, J., vacating and setting aside judgments by default theretofore entered. The adjudicating paragraph of the original judgment in that cause contains the clause "and defendant allowed thirty days to file answer or other pleadings after final determination of this motion." In the judgment certified here and copied in the judgment of Harris, J., this clause was deleted. This error has been corrected by certificate from the clerk of the Superior Court of Durham County.

After the opinion in the former case was certified down, plaintiff again, on 9 February, 1945, applied to and obtained from the clerk judgments by default and inquiry.

Defendant appeared and moved to dismiss the actions under motions theretofore filed and also to vacate the default judgments last entered. Harris, J., found the facts appearing of record and, being of the opinion that the judgment of Hamilton, J., affirmed by this Court, required the dismissal of the actions, entered judgment vacating the judgments by default and dismissing the actions at the cost of the plaintiff. The plaintiff excepted and appealed.

*Bennett & McDonald for plaintiffs, appellants.*
*Malcolm McQueen and Marshall T. Spears for defendant, appellee.*

BARNHILL, J. The brief filed and the argument made by the appellee discloses that the defendant has misconceived the record on the former appeal. *Wilson v. Robinson,* 224 N. C., 851. His written motion appearing of record was to vacate and set aside the judgments by default. The motion was allowed and the defendant was granted time within which to plead. The actions were not dismissed.

So then, when the cause came on for hearing on the motion last filed, summons had been issued and duly served. Complaints had been filed in the office of the clerk but copies thereof had not been delivered to defendant. G. S., 1-121. The defendant had made a general appearance and moved to vacate the judgments by default and had obtained time within which to answer. After the judgment was affirmed he failed to answer. Judgments by default were entered.

On this state of the record the court below was without authority to dismiss the actions.

A defendant who makes a general appearance thereby waives irregularities in the service of summons and subjects himself to the jurisdiction of the court. G. S., 1-103; *McDonald v. MacArthur,* 154 N. C., 122, 69 S. E., 832; *Motor Co. v. Reaves,* 184 N. C., 260, 114 S. E., 175; *Ashford v. Davis,* 185 N. C., 89, 116 S. E., 162; *Tucker v. Eatough,* 186 N. C., 505, 120 S. E., 57; *Wooten v. Cunningham,* 171 N. C., 123, 88 S. E., 1; *Burton v. Smith,* 191 N. C., 599, 132 S. E., 605; *Bizzell v. Mitchell,* 195 N. C., 484, 142 S. E., 706; *Bank v. Derby,* 215 N. C., 669, 2 S. E. (2d), 875; *Credit Corp. v. Satterfield,* 218 N. C., 298, 10 S. E. (2d), 914; *Vestal v. Vending Machine Co.,* 219 N. C., 468, 14 S. E. (2d), 427; *Williams v. Cooper,* 222 N. C., 589, 24 S. E. (2d), 484.

The same result follows when the defendant obtains time within which to answer. *Cook v. Bank,* 129 N. C., 149; *Scott v. Life Association,* 137 N. C., 516; *Lexington v. Indemnity Co.,* 207 N. C., 774, 178 S. E., 547; *Vestal v. Vending Machine Co., supra.*

The defendant, having made a general appearance and moved to vacate the judgments by default and having been granted time within which to file answer, was in court and subject to its jurisdiction. It was his duty to answer or demur. He failed to do so at his peril.

The court below vacated the default judgments entered 9 February, 1945, for that "each of said judgments was entered without notice to the defendant and that the court had no jurisdiction to render said judgments." Thus it acted upon a misapprehension of the law. As the defendant had subjected himself to the jurisdiction of the court and had failed to answer, the court had authority to enter the judgments. Notice of an intention to apply therefor is not required.

The record fails to disclose that the judgments were entered before the time for answering had expired or other irregularity in regard to the entries thereof. It likewise fails to disclose excusable neglect or meritorious defense. Indeed, neither is alleged. The court was without discretion to vacate the same except upon a finding of fatal irregularity or excusable neglect and meritorious defense. G. S., 1-220; *Johnson v. Sidbury, ante,* p. 208.

The judgment below is

Reversed.