**WATERBURY METAL STAMPING COMPANY, Plaintiff,**

**v.**

**ADS METAL PRODUCTS CO., Inc., Defendant.**

**Civ. No. 13098.**

United States District Court
E. D. New York.

May 27, 1955.

Moses, Nolte, Crews & Berry, New York City, for plaintiff, by Albert C. Nolte, Clarence M. Crews, and Albert C. Nolte, Jr., New York City.

Fritz Ziegler, New York City, for defendant.

RAYFIEL, District Judge.

The plaintiff sues the defendant for damages for the infringement of its patent No. 2,613,420.

The patent was issued on October 14, 1952, to one Max Brown, who assigned it to the plaintiff. It covers a buckle, which is used to connect the shoulder straps on articles of lingerie, such as brassieres or slips.

The defendant has conceded the infringement, but contests the validity of the patent. The only issue before the Court, therefore, is that of validity.

The plaintiff contends that its patent filled a long-felt want in the buckle art, in that it provided a buckle which holds the shoulder strap flat, and thus prevents skewing or twisting of the strap when it is not under tension while the garment is being worn.

The defendant, on the other hand, contends that the plaintiff's patent merely combines features well known in the prior art, is not invention, and hence is invalid.

A representation of the plaintiff's buckle is shown in plaintiff's exhibit "5a" in evidence, hereto annexed.

Patent In Suit

Plaintiff's Exhibit 5a

An examination of the buckle reveals that it is a combination of several features already known. In general form it follows what is called the round bottom buckle, a representation of which was received in evidence as plaintiff's exhibit "17", which is hereto annexed. This buckle is similar to the plaintiff's, with the exception of the two lower projections marked "21" and "22" on exhibit "5a", and the hump on the bottom, marked "28".

Prior Art
Round Bottom
Buckle

Plaintiff's Exhibit 17

The two lower projections on the buckle (Nos. 21 and 22 on exhibit 5a) are found in the Lombardi patent No. 2,473,209, issued on June 14, 1949, a representation of which was received in evidence as plaintiff's exhibit "18" hereto annexed. They appear in said exhibit as "4c" and "4d".

Lombardi Patent 2,473,209

Fig.1.

Plaintiff's Exhibit 18

The hump (No. 28 on exhibit 5a) appears in the so-called "Sawtooth buckle", a representation of which was received in evidence as plaintiff's exhibit "15", and is hereto annexed. It appears also in the Schottenfels patent, No. 2,040,958, issued on May 19, 1936, which was included in defendant's exhibit "B".

Prior Art
Sawtooth
Buckle

Plaintiff's Exhibit 15

The plaintiff admits that its buckle is a combination of all of those features, but contends that in combining them, and in causing the projections marked "21" and "22", in exhibit "5a", to slope downward, it has provided two dead-end spaces, marked "26" and "27", in said exhibit, which hold the strap flat, when not under tension, a result never before accomplished.

In the case of Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162, the question of the validity of combination patents was discussed at great length. Mr. Justice Jackson, speaking for the Court, clarified the subject of patentability and set the standards by which we should be guided. At page 150 of 340 U.S., at page 129 of 71 S.Ct. he said: "It is agreed that the key to patentability of a mechanical device that brings old factors into cooperation is presence or lack of invention." And, 340 U.S. at page 152, 71 S.Ct. at page 130, "The conjunction or concert of known elements must contribute something; *only when the whole in some way exceeds the sum of its parts is the*

*accumulation of old devices patentable."* (Emphasis added.)

Further, 340 U.S. at page 152, 71 S.Ct. at page 130, he continued, "Courts should scrutinize combination patent claims with a care proportioned to the difficulty and improbability of finding invention in an assembly of old elements. The function of a patent is to add to the sum of useful knowledge. Patents cannot be sustained when, on the contrary, their effect is to subtract from former resources freely available to skilled artisans."

The Court discussed the fact that the device there in suit had filled a long-felt want and had enjoyed commercial success. "But", said the Court, 340 U.S. at page 153, 71 S.Ct. at page 130, "commercial success without invention will not make patentability * * *." "To bring these devices together and apply them to save the time of the customer and checker was a good idea, *but scores* of progressive ideas in business are not patentable * * *." (Emphasis added.)

As hereinabove stated each of the component parts of the patent in suit was known in the prior art, and I do not regard the positioning of the two lower projections of the buckle ("21" and "22" in plaintiff's exhibit "5a") as invention. It may be added that the examiner in the Patent Office twice rejected the inventor's claims on the basis of cited prior patents.

Judged by the standards hereinabove set forth it is my opinion that the patent in suit is invalid.

Accordingly, judgment is granted to the defendant, dismissing the complaint herein.

Submit proposed findings of fact, conclusions of law and decree, in conformity herewith.