DAVID LEE SIMMS v. MASON'S STORES, INC. (NC-1)

No. 39

(Filed 10 April 1974)

1. **Process § 12; Rules of Civil Procedure § 4— insufficient service of process on domestic corporation**

Defendant corporation was not effectively served with process as required by G.S. 1A-1, Rule 4(j)(6) where the deputy sheriff delivered the summons and complaint to a security officer who was standing near a cash register in defendant's place of business, the security officer not being an employee of defendant or an agent authorized to accept service and not being in charge of the manager's office when the sheriff delivered the summons to her.

2. **Appearance § 2— general appearance — jurisdiction over the person**

G.S. 1-75.7 provides that a court having jurisdiction of the subject matter may acquire jurisdiction over the defendant who makes a general appearance without serving a summons upon him.

**3. Rules of Civil Procedure § 12— defense of lack of jurisdiction over the person — time of making — waiver**

Under Rule 12(b) the defenses of lack of jurisdiction over the person, insufficiency of process, and insufficiency of service of process may be made either by a pre-answer motion or joined with one or more of the other four specified defenses or objections in a responsive pleading, and unless so made the defense of lack of jurisdiction is waived under Rule 12(h)(1); furthermore, the defense is also waived if, prior to answering, the defendant raises any one of the other defenses enumerated in subsection (b) by pretrial motion and omits his jurisdictional defense therefrom.

**4. Appearances § 2; Rules of Civil Procedure § 12— general appearance — jurisdiction over the person**

Construing Rule 12 and G.S. 1-75.7 together, it is apparent that Rule 12 did not abolish the concept of the voluntary or general appearance but did eliminate the special appearance and, in lieu thereof, gave defendant the option of making the defense of lack of jurisdiction over the person by pre-answer motion or by answer.

**5. Appearance § 1— request for extension of time — general appearance**

It is the established rule in this State that a voluntary appearance whereby a defendant obtains an extension of time in which to plead is a general appearance which waives any defect in the jurisdiction of the court for want of valid summons or proper service thereof.

**6. Appearance § 1; Statutes § 5— general appearance — definition — incorporation in statute**

When the legislature used the term "general appearance" in G.S. 1-75.7, it used a term which had acquired a settled meaning through judicial construction, and, in the absence of anything indicating a contrary intent, the legislature is presumed to have used the statutory term in its judicially established meaning.

**7. Appearance § 2; Rules of Civil Procedure §§ 4, 12— general appearance — lack of jurisdiction over person — waiver**

By securing an extension of time in which to plead or otherwise answer, defendant made a general appearance which rendered service of summons upon it unnecessary, and the trial court therefore erred in dismissing the action for want of jurisdiction over the person of defendant.

ON *certiorari,* granted upon plaintiff's petition, to review the decision of the Court of Appeals (18 N.C. App. 188, 196 S.E. 2d 545) affirming the judgment of *Fountain, J.,* 17 July 1972 Session of TRANSYLVANIA, docketed and argued in the Supreme Court as Case No. 51 at the Fall Term 1973.

On 29 June 1971 plaintiff, a resident of Transylvania County, commenced this action for damages against defendant, a domestic corporation operating a retail department store at

the Tunnel Road Shopping Center in Asheville, by filing a complaint and securing the issuance of summons. Plaintiff seeks to recover for an assault allegedly made upon him on 24 December 1970 by an employee of defendant acting within the scope of his employment.

On 13 July 1971 Ervin L. Penland, a deputy sheriff of Buncombe County, purported to serve the summons upon defendant, and made the following return:

"I certify that this summons was received on the 7 day of July 1971, and together with the complaint was served as follows: On Mason's Stores, Inc. on the 13 day of July 1971, at the following place: Mason Dept. Store, Tunnel Rd. Asheville BY; leaving copies with Vera Wallin who is a person of suitable age and discretion and who resides in the defendant's dwelling house or usual place of abode."

On 11 August 1971, upon motion of defendant's attorneys, the Clerk of the Superior Court of Transylvania County signed an order allowing defendant thirty days additional time within which to answer or otherwise plead. Thereafter defendant filed answer in which, *inter alia,* he denied all material allegations of the complaint and moved to dismiss the action under G.S. 1A-1, Rule 12, for that defendant had not been properly served with process and the court had acquired no jurisdiction over it.

Upon the hearing of defendant's motion to dismiss the court found the following facts, which are supported by the evidence:

On 13 July 1971, at the time Deputy Sheriff Penland left the summons and complaint in this case with Vera Wallin (Wallin), she was not an employee or agent of defendant. She neither received nor handled any money for defendant. She exercised no control whatever over any of defendant's employees; nor was she under the supervision, direction or control of any officer or employee of defendant. On that date Wallin was employed as a security officer by Link Security, Inc., of Danville, Virginia. Link was then under contract to furnish defendant security officers to protect its property, and it had assigned Wallin to defendant's store in the Tunnel Road Shopping Center. She was subject to reassignment and relocation by Link at any time. With reference to her working hours, duties, and the manner in which she performed those duties she was responsible only to Link.

About 8:30 p.m. on 13 July 1971 Wallin was standing near the checkout counter at the front of defendant's store watching customers come and go. While she was thus engaged in her duties as a security officer, Deputy Sheriff Penland came through the front door and served upon Wallin copies of the summons and complaint in an action (unrelated to the instant case) in which she was a defendant. After having done so he said to her, "I might as well give these to you also," and he handed her copies of the summons and complaint in this action. At that time the defendant's manager or assistant manager was on duty in the store. The manager's office and the business office of defendant, side by side, were about 100 feet north of the main entrance and visible therefrom. Wallin made no representations to the officer as to her status with defendant. Later that evening Wallin showed these copies to the assistant manager, who asked her to retain them overnight and hand them to the manager the next morning. On the morning of 14 July 1971 Wallin delivered the copy of summons and complaint in this action to defendant's manager.

Upon the foregoing findings Judge Fountain concluded as a matter of law (1) that the delivery of process in this action to Wallin was not served upon the defendant in a manner specified by statute and the court had acquired no jurisdiction over defendant; and (2) that by obtaining an extension of time to answer, defendant had not waived its right under G.S. 1A-1, Rule 12, to attack the court's jurisdiction. From his order dismissing the action plaintiff appealed to the Court of Appeals, which affirmed the judgment of the trial judge. We allowed plaintiff's petition for certiorari.

*Morris, Golding, Blue and Phillips by James W. Williams and William C. Morris, Jr., for plaintiff-appellant.*

*Uzzell and Dumont by J. William Russell for defendant-appellee.*

SHARP, Justice.

This appeal presents these questions: (1) Has defendant corporation been effectively served with process; and (2) if not, did defendant, by obtaining an extension of time within which to answer or otherwise plead, make a general appearance or waive its right under G.S. 1A-1, Rule 12, to move to dismiss this action for lack of jurisdiction over it?

[1]  The manner of service of summons upon a domestic or foreign corporation is governed by G.S. 1A-1, Rule 4(j)(6). This rule requires service by delivering a copy of the summons and complaint (a) "to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office"; or (b) "to an agent authorized by appointment or by law to be served or to accept service or process or by serving process upon such agent or the party in a manner specified by statute."

The trial court's findings of fact makes it quite clear that Wallin was not a representative of defendant corporation upon whom valid service of process could be made. "Where the officer or agent upon whom service of process in an action against a corporation may be made is specified in the statute or rule of practice, service must be made upon that identical officer or agent; otherwise the service is insufficient." 19 Am. Jur. 2d, *Corporations* § 1463 (1965). With reference to Federal Rule of Civil Procedure 4(d)(3), which is not materially different from our Rule 4(j)(6), the comment in 2 Moore's Federal Practice § 4.22(2) is: "Where, at the time service is made the person to whom the process is delivered is not an officer or managing or general agent of the organization or an agent authorized by appointment or by law to accept service of process upon the organization, or qualified to accept service under state law, the service upon the organization is not proper." *Id.* at p. 1130. *See Gottlieb v. Sandia American Corporation,* 452 F. 2d 510 (CA 3d 1971). The phrase "any other agent authorized by appointment" refers to an agent "expressly or impliedly appointed by the corporation" to receive process, *Id.* at p. 1116. The phrase "any other agent authorized . . . by law" would embrace an agent specified by statute as a proper person to receive service. It "may also refer to an agency implied in law, or an agency by estoppel, *i.e.,* where it is determined by the conduct of the corporation . . . that it has appointed an agent for the acceptance of service or that it is estopped from denying such appointment." *Id.* at pp. 1118-19.

Under no aspect of the law did Wallin qualify as a process agent for defendant. The Court of Appeals correctly answered the first question NO. Plaintiff contends, however, that even though he obtained no service of process upon defendant it had waived service and submitted to the court's jurisdiction

by obtaining an extension of time "within which to answer or otherwise plead," and therefore the second question should be answered YES. Defendant contends that the North Carolina Rules of Civil Procedure, effective 1 January 1970, eliminated special appearances and made all appearances general subject to the right of the defendant to attack the court's jurisdiction over his person if done as provided in Rule 12.

Prior to 1 January 1970 there is no doubt that defendant's motion for an extension of time in which to plead would have constituted a general appearance giving the court jurisdiction over defendant without the service of process. At that time G.S. 1-103 provided, "A voluntary appearance of a defendant is equivalent to personal service of the summons upon him." A defendant makes a voluntary appearance in an action commenced against him when he submits himself by accepting service of process, filing an answer without having been served with process, entering his appearance of record, or doing any other overt act which will constitute a general appearance. *See Mosely v. Deans,* 222 N.C. 731, 734, 24 S.E. 2d 630, 632 (1943) ; 5 Am. Jur. 2d *Appearance* § 25 (1962) ; 6 C.J.S., *Appearances* § 1 c. (1) n. 9; Black's Law Dictionary (4th ed. 1968) p. 125; Ballentine's Law Dictionary, p. 82 (1969). But *cf.* cases involving the situation where defendant, by special appearance, denominated as such moves for an extension of time for the purpose of determing whether to plead or object to the jurisdiction. *Easterling v. Volkswagen of America, Inc.,* 308 F. Supp. 966 (S.D. Miss., 1969) ; 5 Am. Jur. 2d, *supra;* Annot., 81 A.L.R. 166, 169 (1932). "[A] general appearance is one whereby the defendant submits his person to the jurisdiction of the court by invoking the judgment of the court in any manner on any question other than that of the jurisdiction of the court over his person." *In Re Blalock,* 233 N.C. 493, 504, 64 S.E. 2d 848, 856 (1951).

In *Youngblood v. Bright,* 243 N.C. 599, 91 S.E. 2d 559 (1956), it was held that by obtaining an extension of time to plead defendants had made a general appearance which obviated the necessity for service in the manner prescribed by statute, and defendants' objection to the jurisdiction of the court made *after* applying for and obtaining an extension of time to plead came too late. The Court said: "A voluntary appearance whereby a defendant obtains an extension of time in which to plead, is a general appearance. . . . 'A general appearance waives any defects in the jurisdiction of the court for want of valid sum-

mons or of proper service thereof.'" *Id.* at 602, 91 S.E. 2d at 561. *Accord, In Re Blalock, supra; Wilson v. Thaggard* and *Stone v. Thaggard,* 225 N.C. 348, 34 S.E. 2d 140 (1945), and cases cited. It is sometimes said that "a *voluntary general* appearance is equivalent to personal service of summons on defendant and waives objections to the jurisdiction of the court over his person." (Emphasis added.) 5 Am. Jur. 2d *Appearance* § 6 (1962). The terms *general appearance* and *voluntary appearance* are commonly used interchangeably.

Formerly if a defendant wished to test the jurisdiction of the court over his person he appeared solely for the purpose of objecting to the lack of valid process of the proper service of it. This constituted a special appearance which did not subject him to the jurisdiction of the court. If, however, he invoked the judgment of the court for any other purpose he made a general appearance and by so doing he submitted himself to the jurisdiction of the court whether he intended to do so or not. *In Re Blalock, supra* at 503-4, 64 S.E. 2d at 856; *Williams v. Cooper,* 222 N.C. 589, 24 S.E. 2d 484 (1943).

In 1951 the enactment of G.S. 1-134.1 eliminated the necessity for special appearances by permitting the objection that the court had "no jurisdiction over the person or property of the defendant" to be presented either by motion *or* answer. The making of other motions or the pleading of other defenses *simultaneously* with the jurisdictional objection was declared not to be a waiver of it, but the statute provided "that the making of any motion or the filing of answer *prior to the presentation of such objection shall waive it.*" (Emphasis added.) Construing this statute, in *Youngblood v. Bright, supra,* this Court held that it had no application where objection to the Court's jurisdiction was not made until after defendant had applied for and obtained an extension of time in which to plead.

G.S. 1-134 and G.S. 1-103 were repealed by Chapter 954, N. C. Sess. Laws of 1967, the same chapter which enacted the Rules of Civil Procedure, codified as Chapter 1A of the General Statutes, and which inserted in Chapter 1 of the General Statutes a new subchapter entitled *Jurisdiction,* codified as Article 6A, G.S. 1-75.1 through G.S. 1-75.12.

[2] In pertinent part G.S. 1-75.7 provides: "A court of this State having jurisdiction of the subject matter may, without serving a summons upon him, exercise jurisdiction in an action

over a person: (1) Who makes a general appearance in an action. . . ." As defined by G.S. 1-75.2, *"person"* includes a corporation.

In pertinent part G.S. 1A-1, "Rule 12. Defenses and objections—when and how presented. . . ." provides:

"(b) *How presented.*—Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, crossclaim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defense may at the option of the pleader be made by motion:

(1) Lack of jurisdiction over the subject matter,

(2) Lack of jurisdiction over the person,

(3) Improper venue or division,

(4) Insufficiency of process,

(5) Insufficiency of service of process,

(6) Failure to state a claim upon which relief can be granted,

(7) Failure to join a necessary party.

A motion making any of these defenses shall be made before pleading if a further pleading is permitted. The consequences of failure to make such a motion shall be as provided in sections (g) and (h). No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. . . .

"(g) *Consolidation of defenses in motion.*—A party who makes a motion under this rule may join with it any other motions herein provided for and then available to him. If a party makes a motion under this rule but omits therefrom any defense or objection then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted, except. . . . (The exception is not pertinent here.)

"(h) *Waiver or preservation of certain defenses.*—

(1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (i) if omitted from a motion in the

circumstances described in section (g) or (ii) if it is neither made by motion under this rule nor included in a  responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course."

**[3]**  Under Rule 12(b) the defenses, lack of jurisdiction over the person, insufficiency of process, and insufficiency of service of process, may be made either by a pre-answer motion or joined with one or more of the other four specified defenses or objections in a responsive pleading. Unless so made the defense of lack of jurisdiction is waived under (h)(1). This defense is also waived if, prior to answering, the defendant raises any one of the other defenses enumerated in subsection (b) by pretrial motion and omits his jurisdictional defense therefrom, § (g). At this point we note that sections (b), (g), and (h)(1) of Federal Rule 12 are substantially the same as their North Carolina counterparts.

Defendant asserts that the *only* way in which a defendant can waive the defense of no jurisdiction is by failing to make it in the manner specified in Rule 12(b), (g), and (h)(1), and that he has strictly complied with the rule by asserting the defense by answer, his first responsive pleading; that his only pre-answer motion was made under Rule 6(b) for an enlargement of time to plead; that such a motion has no relation to any defense or objection listed in Rule 12(b). He therefore contends that his failure to join his motion to dismiss for lack of jurisdiction with the motion for an extension did not preclude him from thereafter asserting the jurisdictional defense by answer since Rule 12(g) requires only the joinder of those defenses then available under "this rule" *(i.e.,* Rule 12). In support of its position defendant cites numerous federal cases construing Fed. R. Civ. P. 12(b), (g), and (h)(1). *See* 2A Moore's Federal Practice ¶12.12, pp. 2324-2328 and cases cited in footnotes 16, 17, and 18; Wright & Miller, Federal Practice and Procedure: Civil § 1344 (1969); *Pacific Lanes, Inc. v. Bowling, Proprietors Asso. of America,* 248 F. Supp. 347 (D.C. Ore., 1965); *Juszczak v. Huber Mfg. Co.,* 13 F.R.D. 434 (1953); *Blanton v. Pacific Mutual Life Ins. Co.,* 4 F.R.D. 200 (1944), *Appeal dismissed,* 146 F. 2d 725 (CA 4th, 1944); *Kaufman v. U.S.,* 35 F. Supp. 900 (D.D.C. 1940); *Devine v. Griffenhagen,* 31 F. Supp. 624 (D. Conn., 1940).

In the leading case of *Orange Theater Corp. v. Rayherstz Amusement Corp.,* 139 F. 2d 871 (CA 3rd, 1944), *cert. den.,*

322 U.S. 740 (1944), the plaintiff sued in the District Court for the District of New Jersey and caused summons to be served on the defendants in New York. Defendants, after having secured an extension of time to plead, moved to quash the out-of-state service. The plaintiff contended that defendants had waived the right to assert this defense by their voluntary appearance in the district court. The court recognized the generally prevailing rule that the defendants' procurement of an extension of time to answer or otherwise move with respect to the complaint "amounted to a voluntary appearance in the action which gave the court power to adjudicate the controversy to which they were parties." The court said, however, that the question presented was "whether by thus voluntarily placing themselves under the court's power the individual defendants lost the right to assert the original lack of jurisdiction over their persons."

In answering the question the court reasoned that when Fed. R. Civ. P. 12 omitted any reference to either a special or general appearance and gave a defendant the option of asserting a jurisdictional defense by motion before answer *or in the answer itself* "[i]t necessarily follows that Rule 12 has abolished for the federal courts the age-old distinction between general and special appearances. A defendant need no longer appear specially to attack the court's jurisdiction over him. . . . We conclude that within the time allowed for serving the answer the defendant may assert this defense unless he has waived it by some action other than his voluntary appearance." *Id.* at 874.

If a defendant fails to raise the defense of lack of jurisdiction over his person by timely motion or answer the defense is waived. *See Spearman v. Sterling Steamship Company,* 171 F. Supp. 287 (E.D. Pa., 1959) ; *Waterbury Metal Stamping Co. v. Ads Metal Prod. Co.,* 131 F. Supp. 301 (E.D. N.Y., 1955). However, this is not the only manner in which the defense can be waived. "A defendant may, by his actions or conduct, waive the defense even if he does attempt to assert it by motion, answer, or otherwise." 2 Kooman, Federal Civil Practice § 12.23, p. 121; 62 Am. Jur. 2d, *Process* § 161 (1972). As pointed out in Wright & Miller Federal Practice and Procedure: Civil § 1344, the elimination of the former distinction between special and general appearance does not mean that interposing Rule 12(b) defenses and objections within the time allowed to answer or move will protect a litigant against loss of his personal jurisdic-

---

**Simms v. Stores, Inc.**

---

tion, venue, and service of process under all circumstances. If the court considers a defendant's conduct sufficiently dilatory or inconsistent with the later assertion of one of these defenses such conduct will be declared a waiver. The case of *Wyrough & Loser, Inc. v. Pelmor Laboratories, Inc.,* 376 F. 2d 543 (CA 3d 1967), illustrates this statement.

In *Wyrough & Loser, Inc.,* the plaintiff sued to enjoin the misappropriation of trade secrets. Seven days after defendant received notice of the action the district court began four days of hearings upon the question of issuing a preliminary injunction. Without making any objection to the court's jurisdiction defendant participated by cross-examining plaintiff's witnesses and offering defense testimony. At the conclusion of the hearing the court found facts and issued the injunction. Sixteen days later, within the time for answering, defendant filed a consolidated motion to dismiss which included the defense that the court lacked jurisdiction over defendant's person. The district court held that defendant had waived that defense by participating in the four-day hearing on the issue of the preliminary injunction. Upon appeal to the United States Court of Appeals, Third Circuit, defendant relied upon that court's earlier decision in the Orange Theater case and contended that its participation could not be deemed a waiver so long as it could file a timely motion to dismiss under Rule 12(b).

The court, after noting (1) that the whole philosophy behind the Federal Rules militates against placing parties in a procedural strait jacket by requiring them to possibly forego valid defenses by hurried and premature pleading, and (2) that "there also exists a strong policy to conserve judicial time and effort" and preliminary matters such as defective service, personal jurisdiction and venue should be raised and disposed of before the court considers the merits or quasi-merits of a controversy, said that the reconciliation of these countervailing policies and "the process of deciding which is superior must necessarily depend on a case-by-case approach." *Id.* at 547. In *Wyrough & Loser, Inc.,* the court found the policy of disposing of preliminary matters prior to considering the merits of the case to be paramount. It thought that defendant, having had sufficient time to apprise itself of the jurisdictional questions, should have alerted the court to them. It held therefore that defendant's participation in the injunction hearing waived the defense of lack of personal jurisdiction.

Against the background of federal decisions we consider the effect of defendant's general appearance under our Rule 12 and G.S. 1-75.7, *Sutton v. Duke,* 277 N.C. 94, 176 S.E. 2d 161 (1970).

We note first that nothing in the language of Rule 12 prevents a defendant, *prior to filing answer or motion in which he could set up a section* (b) *defense,* from submitting himself (or itself) to the jurisdiction of the court in which an action has been filed against him by formally entering his voluntary appearance, by seeking some affirmative relief at the hands of the court, or by utilizing the facilities of the court in some other manner inconsistent with the defense that the court has no jurisdiction over him. Once a defendant has submitted himself to the jurisdiction of the court by such conduct the defense of lack of jurisdiction over his person is no longer available to him.

When the federal courts have said that Rule 12(b), (g), and (h)(1) permits the defense of jurisdiction over the person to be waived only by failing to assert it in a pre-answer motion or by answer as provided in sections (b), (g), and (h)(1), they have, in effect, held that the defendant's conduct upon which plaintiff relied as a waiver had not invoked the power of the court to such an extent that it would be entirely inconsistent to object to the court's jurisdiction. It is still possible for a party by such action "to waive" the defense of no jurisdiction over his person. It was so held in *Wyrough & Loser, Inc., supra,* wherein the court stated that whether the challenged action will waive service of process will be determined on an *ad hoc* basis. However, under the federal decisions, nothing else appearing, a defendant's motion for an enlargement of time to plead will not waive lack of jurisdiction over the person if the defense is timely presented thereafter in accordance with Rule 12 requirements.

Secondly, we advert to the fact that G.S. 1-75.7 has no counterpart in the federal practice. That statute, enacted simultaneously with the North Carolina Rules of Civil Procedure, provides that when a defendant "makes a general appearance" in an action pending in a court having jurisdiction of the subject matter, the court acquires jurisdiction over him without serving a summons upon him.

Whether conduct which will dispense with the necessity of service of summons be denominated a general appearance, sub-

mission to the jurisdiction, or left unlabeled is immaterial; the effect of such conduct remains the same. However, G.S. 1-75.7 denominates such conduct "a general appearance in an action."

[4] Construing Rule 12 and G.S. 1-75.7 together, as obviously we must do since they are a part of the same enactment, *Fletcher v. Comrs. of Buncombe*, 218 N.C. 1, 9 S.E. 2d 606 (1940), it is apparent that Rule 12 did not abolish the concept of the voluntary or general appearance. On the contrary, as repealed G.S. 1-134.1 had done when it was enacted in 1951, Rule 12 eliminated the special appearance and, in lieu thereof, gave a defendant the option of making the defense of lack of jurisdiction over the person by pre-answer motion or by answer even though a defendant makes a general appearance when he files an answer. 5 Am. Jur. 2d, *Appearance* §§ 14, 16 (1962). However, as heretofore pointed out, after a defendant has submitted himself to the jurisdiction of the court by conduct constituting a general appearance, he may not assert the defense that the court has no jurisdiction over his person either by motion or answer under Rule 12(b).

[5, 6] When the General Assembly enacted G.S. 1-75.7 and the Rules of Civil Procedure it was aware of the well established rule in this State that a voluntary appearance whereby a defendant obtains an extension of time in which to plead is a *general appearance* which waives any defect in the jurisdiction of the court for want of valid summons or proper service thereof. *Youngblood v. Bright, supra.* When the legislature used the term *general appearance* in G.S. 1-75.7, it used a term which had acquired a settled meaning through judicial construction, and that construction became a part of the law. In the absence of anything which clearly indicates a contrary intent, the legislature is presumed to have used the statutory term under consideration in its judicially established meaning. *Brown v. Brown*, 213 N.C. 347, 196 S.E. 333 (1938); 50 Am. Jur., *Statutes* § 322 (1944).

[7] By moving for an extension of time in which to plead a defendant invokes the jurisdiction of the court and requests its affirmative intervention in his behalf. In G.S. 1-75.7 the legislature made the policy decision that *any* act which constitutes a general appearance obviates the necessity of service of summons. Obviously there are sound reasons for such a policy. In addition to the fact that courts should conserve judicial time and effort by

disposing of preliminary defenses relating to personal jurisdiction before considering the merits of a controversy, to allow a party to delay raising the defense of insufficiency of service of process by securing an extension of time to plead may permit the statutes of limitations to bar a claim for relief by a plaintiff who, through no fault of his, is ignorant of the defense.

We hold that by securing an extension of time in which to plead or otherwise answer defendant made a general appearance which rendered the service of summons upon it unnecessary. Therefore, the Superior Court erred in dismissing the action for want of jurisdiction over the person of defendant.

The decision of the Court of Appeals is

Reversed.