JUNIUS EUGENE MOSER, JR., Plaintiff
v.
WILLIAM W. SMITH AND ANN AUSTIN SMITH, INDIVIDUALLY AND IN HER CAPACITY AS ADMINISTRATRIX OF THE ESTATE OF MATTHEW MOSER, Defendants.
No. COA07-1508
Court of Appeals of North Carolina
Filed December 16, 2008
This case not for publication
C. Gary Triggs, P.A. by C. Gary Triggs for plaintiff-appellee.
Young, Morphis, Bach & Taylor, L.L.P. by Thomas C. Morphis and Henry S. Morphis for defendants-appellants.
STEELMAN, Judge.
Where defendants failed to assign error to and failed to argue in their brief that the trial court erred in finding valid service upon defendants, the trial court must be affirmed.

I. Factual and Procedural Background
Junius Eugene Moser, Jr. (Moser) is a resident of Catawba County, North Carolina. William W. Smith and Ann Austin Smith (hereinafter collectively referred to as the Smiths) are residents of Charleston, West Virginia. Moser and Mrs. Smith were married at one time and had a child, Matthew W. Moser, who died intestate on 4 January 2005, a resident of Fulton County, Georgia. His estate is being administered in the State of Georgia.
On 5 January 2005, the Smiths traveled to North Carolina to meet with Moser. On 7 January 2005, at Moser's home, Moser and the Smiths discussed funeral arrangements, a life insurance policy, administration of Matthew Moser's estate and other expenses. At this meeting, the Smiths procured from Moser a waiver of his right to administer his son's estate. Mrs. Smith was to administer the estate. Mr. Smith, an attorney in West Virginia, was to assist his wife in handling the estate. Thereafter, a dispute arose between Moser and the Smiths concerning alleged agreements made at the 7 January 2005 meeting.
On 17 October 2006, Moser filed a verified complaint against the Smiths asserting three causes of action: (1) fraud and misrepresentation, (2) breach of contract, and (3)intentional and negligent infliction of emotional and mental distress. The complaint specifically alleged that the estate was not handled in accordance with the parties' agreement. The Smiths were served with a copy of the summons and complaint on 13 November 2006 in Charleston, West Virginia.
On 10 January 2007, the Smiths filed motions to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, insufficiency of process, and failure to state a claim upon which relief can be granted. Their motions were accompanied by affidavits. Plaintiff filed an affidavit in opposition to the motions. On 27 August 2007, Judge Caldwell denied each of the motions to dismiss. Defendants appeal.

II. Analysis
The Smiths bring forward only one assignment of error:
The determination by the Honorable Jesse B. Caldwell III that Defendant-Appellants filing for an extension of time is equivalent to a general appearance before the Superior Court of Catawba County is erroneous and contrary to established law.

A. General Appearance
The Smiths contend that the trial court erred in finding that their filing for an extension of time within which to answer constituted a general appearance in the trial court. We agree.
Defendants filed two motions for an extension of time within which to answer prior to filing motions to dismiss pursuant to Rules 12(b)(1), (2), (4), and (6) of the Rules of Civil Procedure on 11 January 2007.
Finding of fact 6 in Judge Caldwell's order states:
The Court, having reviewed the file, finds that the Defendants sought and received an extension of time from the Clerk of the Superior Court of Catawba County in which to answer the Plaintiff's Complaint and that such action constituted General Appearance thus obviating the necessity of service of Summons and waiving any defect in jurisdiction for want of valid Summons or proper service thereof. The Court further finds that the service of process was sufficient pursuant to the provisions of the statute and therefore, the Defendants' Motion to Dismiss pursuant to Rule 12(b)(4) should be denied.
N.C. Gen. Stat. § 1-75.7 (2007) states:
A court of this State having jurisdiction of the subject matter may, without serving a summons upon him, exercise jurisdiction in an action over a person:
(1) Who makes a general appearance in an action; provided, that obtaining an extension of time within which to answer or otherwise plead shall not be considered a general appearance; . . .
(emphasis added). Defendants correctly argue that obtaining an extension of time within which to answer does not constitute a general appearance under N.C. Gen. Stat. § 1-75.7. Since the record reveals no other filings by defendants prior to the filing of their Rule 12(b) motions, we hold that the trial court erred in concluding that defendants made a general appearance obviating the necessity of actual service of the summons and complaint in this action.[1] N.C. Gen. Stat. § 1-75.7; N.C. Gen. Stat. § 1A-1, Rule 12(b) (2007).

B. Sufficiency of Process
Before the trial court, defendants challenged the sufficiency of service of process pursuant to Rule 12(b)(4) of the Rules of Civil Procedure. The trial court specifically found that the service of process was sufficient, supra. This finding was not assigned as error or argued in defendants' brief. Any challenge as to the sufficiency of service of process is deemed abandoned and is not properly before this Court. N.C. R. App. P. 28(b)(6) (2007).

C. Personal Jurisdiction
Defendants failed to assign error to the court's finding that it had personal jurisdiction over defendants. They do attempt in their brief to argue personal jurisdiction, assuming arguendo that they made a general appearance in this action. Having determined that defendants did not make a general appearance before the trial court, this argument is not properly before this Court. N.C. R. App. P. 28(b)(6).
AFFIRMED.
Judges GEER and STEPHENS concur.
Report per Rule 30(e).
NOTES
[1] Plaintiff cites the case of Simms v. Stores, Inc., 285 N.C. 145, 203 S.E.2d 769 (1974), for the proposition that obtaining an extension of time within which to answer constituted a general appearance, waiving any jurisdictional defect. Chapter 76 of the 1975 session laws superseded Simms by amending both N.C. Gen. Stat. § 1-75.7 and Rule 12(b) to provide that obtaining an extension of time in which to file answer does not constitute a general appearance or waive any Rule 12(b) defense.